TATE, Justice.
The defendant was sentenced to two years’ imprisonment at hard labor upon his conviction of simple escape. La.R.S. 14:110 A(l) (1975).
The defendant’s single assignment of error complains that his motion for a new trial was incorrectly denied. He claims no evidence at all shows that he escaped from the lawful custody of a law enforcement or corrections officer.
The context facts show:
The defendant was sentenced to the Department of Corrections. While a prisoner at the state penitentiary, he was assigned each day to work at a nearby state park under its superintendent. This assignment was made pursuant to the statutory authorization for the corrections department “to enter into contractual agreements for the use of inmate labor by any . . . agency of this state responsible for the conservation of natural resources * * La.R.S. 15:832.
The superintendent, A. B. Kennedy, picked the accused up each day from the penitentiary and returned him to it at night. During one workday, however, the defendant left the park without permission and returned to his home in Metairie. When he voluntarily returned to the penitentiary the following day, he was charged with escape.
The motion for a new trial complains that the evidence does not prove Kennedy, the park superintendent, to be a law enforcement or corrections officer within the meaning of the simple escape offense, La. R.S. 14:110 A(l): “The intentional departure of a person ... in the lawful *231 custody of any law enforcement officer or officer of the Department of Corrections from any place where such person is legally confined.’ * * *” (Italics ours.)
The evidence shows that Kennedy, pursuant to authorization from the Department of Corrections, supervised the work of the defendant at the park. The evidence further shows that, pursuant to an oral agreement between the assistant director of the Department of Corrections and the local park superintendent, inmate labor was furnished to work at the park.[1]
Pursuant to this agreement, the defendant was assigned to work at the park under the supervision of the park superintendent. He was in “lawful custody” at the park: He was there under the supervision of the superintendent as authorized by law. State v. Johns, 339 So.2d 801 (La.1976).
Under the circumstances, therefore, the defendant’s escape was from the lawful custody of an “officer of the Department of Corrections”: Kennedy was as authorized by law exercising supervision of the inmate on behalf of officers of the corrections department.
Accordingly, we do not find merit in the defendant’s assignment of error. We affirm his conviction and sentence.
AFFIRMED.
DIXON, J., dissents.

.The superintendent also testified that there was a subsequent written agreement between the directors of the departments of corrections and of parks. This agreement was not, however, introduced into evidence, since the state witness (the superintendent) had not brought it with him.