364 So.2d 900 (1978)
STATE of Louisiana
v.
Gerald E. PERRY.
No. 61345.
Supreme Court of Louisiana.
June 19, 1978.
Rehearing Denied December 14, 1978.
James P. Lambert, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
On March 1, 1976 defendant Gerald E. Perry was sentenced to two years imprisonment upon conviction for violating La.R.S. 14:69, receiving stolen things. After being sentenced, defendant appealed timely and his incarceration in Orleans Parish Prison was continued for the pendency of his appeal. However, a short time later and before his appeal was considered by this Court, defendant was transferred to the custody of the Warden of Angola. After five days at Angola he was transferred to Charity Hospital in New Orleans, still in the custody of the penitentiary officials. After minor surgery defendant spent several weeks at the hospital and then made good an escape from hospital confinement. He was charged with simple escape and the instant prosecution ensued.
Defendant Perry was tried at a bench trial and found guilty as charged. He now appeals his conviction of simple escape on the basis of three assignments of error,[1] all *901 of which urge one objection: that under the facts of this case the accused was not ever lawfully in the custody of the Warden of Angola Penitentiary because his appeal to this Court from the theft conviction was still pending and therefore he should never have been sent to Angola but should have been detained in Parish Prison in New Orleans pending his appeal.
The crime of simple escape is, pertinently, "The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, detained, or otherwise in the lawful custody of any law enforcement officer or officer of the Department of Corrections from any place where such person is legally confined." R.S. 14:110. In order for a person to commit the crime of escape, the escape must be made from lawful custody. See State v. Verrett, 347 So.2d 230 (La. 1977).
The defendant argues that before a simple escape can occur the person or governmental agency actually detaining or physically restraining the accused must be doing so according to law. He urges that under State v. Clark, 317 So.2d 623 (La. 1975) he was not in the lawful custody of the Department of Corrections because his conviction for receiving stolen things was still on appeal and he had not been determined to be a security risk. The theory of the Clark case, and State v. Williams, 262 La. 769, 264 So.2d 638 (1972) on which Clark relied, was that an appeal suspends the execution of sentence and a person cannot be sent to the state penitentiary for the execution of his sentence until his conviction is final. Defendant argues that the fact that he was placed in the custody of the Department of Corrections while his appeal was pending rendered that custody unlawful. Since the underlying commitment forming the basis of defendant's confinement was improper, it is urged that a charge of escape is not sustainable against him.
We believe that defendant's confinement by the Department of Corrections was "lawful custody" because he was being held under color of law and his custody had not been legally challenged. See State v. Johns, 339 So.2d 801 (La.1976). Although he would have been able to show a defect in his custody through collateral attack, he had not applied for release from commitment through legal channels on that basis and his custody was facially legal.
The words "lawful custody" are described in the official revision comment to the escape statute, R.S. 14:110, in the following way:
"As long as the arrest and commitment are `legal' any attempt to escape is a crime, despite the guilt or innocence of the culprit. But if the warrant of arrest or commitment is void, the prisoner is not liable for escaping. However, an informality or irregularity in the process of commitment is not justification to escape." (citations omitted)
Thus, an escape may be justifiable where the confinement is without color of authority in, for example, situations where a person has been confined either without any authority at all or where the judgment was void on its face. However, where a prisoner is properly in custody under an order not void on its face and is serving a sentence under color of law, he cannot, because his confinement is subject to collateral attack, take matters into his own hands by way of escape but must apply for relief through regular legal channels. See City of New Orleans v. Lyons, 342 So.2d 196 (La.1977).
We agree with the California Supreme Court on this subject in which it was said:
"To allow prisoners to use force to escape and then to permit the defense that they were unlawfully confined, would create chaos in a prison. In a democracy the right of self-help is seldom permitted. Resort to the courts is the normal and traditional method of correcting an unlawful confinement." In re Estrada, 63 Cal.2d 740, 48 Cal.Rptr. 172, 178, 408 P.2d 948, 954 (1965). *902 See also Henderson v. State of Kansas, 198 Kan. 655, 426 P.2d 92 (1967).
Thus we hold that the character of defendant's unchallenged custody did not authorize defendant's escape, even though he would have been entitled to be transferred to the custody of Orleans Parish prison authorities had he moved legally to invoke the provisions of Code of Criminal Procedure Article 913. Under the circumstances the escape was from "lawful custody." We thus find no merit to his three assignments of error.

Decree
Defendant's conviction and sentence are affirmed.
AFFIRMED.
DIXON, J., concurs, only because the escape was from "anyplace" where defendant was lawfully detained.
NOTES
[1] Assignment number 1 is that the trial court erred in denying his motion to quash because the information failed to charge an offense punishable under a valid statute since there was no lawful custody. Assignment number 2 urges that the court erred in failing to grant his motion for acquittal in that the state failed to prove an essential element of the crime, custody. Assignment number 3 avers that the court failed to grant defendant's motion for arrest of judgment made on the same basis.