392 So.2d 170 (1980)
FRANKLIN PRINTING COMPANY, INC.
v.
SCOTT FENCE OF NEW ORLEANS, INC.
No. 10892.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1980.
Rehearing Denied January 19, 1981.
*171 Fiasconaro & Fiasconaro, Paul S. Fiasconaro, New Orleans, for plaintiff-appellee.
Babovich, McDowell & Bukaty, Edward F. Bukaty, III, New Orleans, Vincent Cuccia, Metairie, for defendant-appellant.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
SAMUEL, Judge.
By this suit on an open account plaintiff seeks recovery of the sum of $7,201.95, representing the balance due for printing 55,000 brochures for the defendant. Defendant's answer denies liability. Defendant also filed a third party demand against A. J. LeNormand alleging, alternatively in the advent of an adverse judgment, that LeNormand was liable with plaintiff for his virile one-half of the judgment as a partner in a partnership which was to operate as Scott Decors. LeNormand's answer to the third party demand is in the form of a general denial.
After trial on the merits, judgment was rendered in favor of plaintiff and against the defendant, Scott Fence of New Orleans, Inc., for $7,201.95, plus $1,250 attorney's fees, and in favor of LeNormand, dismissing Scott Fence's third party demand. Scott Fence has appealed. Plaintiff has answered the appeal seeking to have its attorney's fee increased from $1,250 to $2,500 and also seeking an additional attorney's fee of $1,500 for services on appeal. In this court appellant does not contest its liability to the plaintiff; it seeks only reversal of that part of the judgment which dismisses its third party demand against LeNormand.
Kirby Scott, defendant's president, did not appear at the trial. He telephoned to inform the court he was ill, and the court agreed to continue the proceeding if a physician's certificate was furnished. No such certificate was furnished, and the case proceeded to trial.
In place of Kirby Scott, Scott Fence called Wayne Babovich, the attorney for that defendant during the time of the alleged partnership between Scott Fence and LeNormand. Mr. Babovich testified an enterprise to be known as Scott Decors was to have been incorporated, but the articles of incorporation were never filed. His instructions from Kirby Scott were that the stock in the new corporation was to be issued to Scott Fence and LeNormand. Babovich further testified he understood through discussions with Kirby Scott and LeNormand that there was to be a sharing of the profits and losses in Scott Decors; that the articles of incorporation were never filed because LeNormand was in the process of going through a legal separation from his wife and did not want the new business to be involved in the community; but nevertheless, LeNormand continued to receive money for efforts by him in furtherance of the business of the planned corporation.
LeNormand testified: He was not paid any money as a partner of Scott Decors, but instead was paid as a carpenter subcontractor by Scott Fence. He would begin to share profits only when Scott Decors was incorporated, and the incorporation process *172 came to a standstill when he refused to sign a lease which would have given Kirby Scott a right of way over his land adjacent to Scott's. He insisted that because of his pending separation proceeding he would not have entered into a partnership, corporation, or any other kind of business venture.
In Louisiana the existence of a partnership requires: (1) a sharing in the profits and losses of a business enterprise; (2) mutual consent to form a partnership; and (3) the property of, or stock in, the enterprise must form a community of goods in which each party has a proprietary interest.[1]
The only testimony furnished by defendant with regard to the mutual consent of the parties to form a partnership was the testimony of Scott's attorney, and he is a third person testifying on a matter requiring the mutual consent of two other parties, one of whom was not his client. Moreover, his testimony is rendered almost meaningless in view of the clear and emphatic testimony of LeNormand. Kirby Scott's absence from the trial was sufficient to create a presumption that any testimony he had to offer would have been against his own self interest.[2]
In addition, defendant did not prove a community of goods in which each party to the alleged partnership had a proprietary interest. Scott Fence argues LeNormand furnished his skill in building planters as his contribution to the partnership and Scott Fence furnished all materials and marketing techniques. But the record indicates LeNormand was paid $250 per week by Scott Fence and not by Scott Decors.
In Collom v. Bruiting,[3] the plaintiff sought to recover his share of profit from a business he alleged to be a partnership between himself and the defendant by reason of an oral contract of partnership. The defendant claimed there was no partnership and that plaintiff was employed for a fixed salary of $50 per month. The Supreme Court found for the defendant, stating:
".... Partnership is a special contract, dependent for its creation upon the consent of the parties (Rev.Civ.Code, art. 2805) that that particular relation should be established between them. The mere fact that two persons may both be interested pecuniarily in the same business venture, and that each gave to it equally his time and attention, by no manner of means carries with it, as a matter of law, the conclusion that they stand towards each other as partners. Consent shown by one person, who has furnished the capital by which certain operations are carried on, that another, who has employed his time, his skill, and his services for their success, should receive one-half of the profits to be derived from the same, is perfectly consistent with the fact that the latter person stands towards the former as a mere employee. Contracts of that character are formed every day, the extent of the participation in the profits varying in the different cases."
In this case the trial judge stated that while there was much testimony concerning what would have been, no evidence was introduced to establish that any kind of partnership agreement came into existence. We agree that Scott Fence failed to prove the existence of a partnership between itself and LeNormand.
Nor, will be disturb the trial court's award of attorney's fees. That award is based on R.S. 9:2781 which provides for "reasonable" attorney's fees in suits on open accounts. We cannot say the $1,250 award is unreasonable.
However, we are of the opinion the plaintiff-appellee is entitled to an additional attorney's fee for representation in this court. As we have pointed out, in this court the appellant did not contest its liability to the plaintiff. But appellant did not *173 limit its appeal to the third party demand, thus making it necessary for plaintiff to file a brief and appear for oral argument. We believe an additional attorney's fee of $750 would be appropriate.
For the reasons assigned, the judgment appealed from is affirmed and the plaintiff-appellee is awarded an additional attorney's fee of $750, thus making the total award for attorney's fees the sum of $2,000.
AFFIRMED AND ADDITIONAL ATTORNEY'S FEES AWARDED.
NOTES
[1] LSA-C.C. Arts. 2801, 2805, 2813, and 2814; Sas Jaworsky v. LeBlanc, La.App., 239 So.2d 176.
[2] See Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805.
[3] 49 La.Ann. 1257, 22 So. 744, 747.