480 So.2d 500 (1985)
JOHN P. HARRIS, M.D., INC. a Medical Corporation
v.
John B. PARMLEY, M.D.; Austin Meng, M.D.; John L. Dileo, II, M.D.; and Unnamed Medical Partnership Composed of Drs. Parmley, Meng and Dileo.
No. 85-CA-56.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1985.
*501 Frederick W. Bradley, Liskow & Lewis, New Orleans, for plaintiff-appellant.
Michael F. Little, Hanemann & Little, New Orleans, for defendants-appellees.
Before CHEHARDY, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
This case concerns the efforts of an anesthesiologist to show that a legal partnership between himself and other physicians did in fact exist and that he was not a mere employee subject to termination without just cause.
Plaintiff-appellant is Dr. John K. Reimann, the sole owner of a professional medical corporation known as John P. Harris, M.D., Inc.,[1] while defendants-appellees are Drs. John B. Parmley, Austin Meng and John L. Dileo and an unnamed partnership composed of Drs. Parmley, Meng and Dileo.
In his 24th Judicial District Court petition and in a supplemental petition, Dr. Reiman contended that he was offered a one-year contract for a fixed amount and that should his work "... prove satisfactory to the other members of the group after one year, he would be made a full and equal partner ..." and that "... on or about March 1, 1981, he was advised that he was now a full partner." On October 27, 1981, Dr. Reiman alleged, he was unlawfully discharged from the partnership without reason. Plaintiff stated his damages are continuing in the approximate amount of $12,000.00 per month.
Dr. Parmley, on the other hand, denied the existence of any partnership. He said that Dr. Reiman "... was merely an employee..." and that he (Dr. Parmley) had "... discharged or fired plaintiff because of plaintiff's inability to cooperate and work with professional and paraprofessional staff in the furnishing of anesthesiology services in connection with the agreement that John B. Parmley, M.D., had with Hotel Dieu Hospital."
Following a three-day trial, the district judge ruled for the defendants, finding that Dr. Reiman had not proven that there was *502 mutual consent between himself and the others, particularly Dr. Parmley, to form a partnership. Further, the trial judge found that Dr. Reiman "... remained an employee of Dr. Parmley, subject to his control..." An employer-employee relationship could be, and in this case was, terminated by an employer who did not have to have any reason for his action.
On appeal, Dr. Reiman argues that the trial judge neither assessed the evidence properly nor did he "... fully ... grasp the legal test which should be considered in determining the existence of a partnership."
This case pitted the testimony of Dr. Reiman and his primary supporting witness, Dr. Donald Smith, against the contradictory testimony of Drs. Parmley, Meng and DiLeo, Dr. Mohammed Naraghi and Leonore Von Lofton, the head nurse in the Hotel Dieu Hospital recovery room.
The trial judge obviously resolved the credibility issue in favor of appellees and against Dr. Reiman's interests. Occasionally an appellate court will void a trial court's factual determinations as being manifestly erroneous, as the Supreme Court of Louisiana did in Watson v. State Farm Fire and Cas. Inc. Co., 469 So.2d 967 (La.1985), but here we cannot say the trial judge's findings of fact were clearly wrong. The record amply supports the district court judgment, and we affirm it.
A legal partnership in Louisiana is defined in LSA-C.C. art. 2801 as follows:
"A partnership is a juridical person, distinct from its partners, created by a contract between two or more persons to combine their efforts or resources in determined proportions and to collaborate at mutual risk for their common profit or commercial benefit."
Three elements are necessary for the formation of a partnership. They are (1) mutual consent, (2) participation in profits and/or losses and (3) proprietary interest in a community of property. See Franklin Printing Company v. Scott Fence of New Orleans, Inc., 392 So.2d 170 (La.App. 4th Cir.1981). Without an agreement among the parties, there can be no partnership.
The Fourth Circuit, quoting from Collom v. Bruning, 22 So. 744 (La.1897), said in the Franklin Printing Company opinion:
"The mere fact that two persons may both be interested pecuniarily in the same business venture, and that each gave to it equally his time and attention, by no manner of means carries with it, as a matter of law, the conclusion that they stand towards each other as partners. Consent shown by one person, who has furnished the capital by which certain operations are carried on, that another, who has employed his time, his skill, and his services for their success, should receive one-half of the profits to be derived from the same, is perfectly consistent with the fact that the latter person stands towards the former as a mere employee."
Dr. Parmley, an anesthesiologist, testified that he alone contracted with Hotel Dieu and that he alone was paid by the hospital. He deposited these funds into his personal checking account and he then wrote checks to the other anesthesiologists. There were no jointly-held partnership assets, there was no formal partnership contract and no partnership tax returns were ever filed.
In addition, Dr. Parmley stated that he at no time entered into a partnership agreement, oral or otherwise, with Dr. Reiman or any other anesthesiologist. Drs. Meng and Dileo testified that they were employees, not partners.
Dr. Meng said:
"I consider him (Dr. Parmley) to be my boss and I figure I have to answer to him ..."
Dr. Dileo testified that Dr. Parmley was "... the boss of the team, the leader or the captain, that Dr. Parmley held the strings, I knew that's the way it was."
Dr. Reiman had the burden of showing that he and Dr. Parmley agreed to form a partnership, a burden apparently *503 not carried. Guided by Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978), we cannot disregard the trial judge's conclusion that Dr. Parmley was the employer, Dr. Reiman an employee.
As Dr. Reiman was a hired employee for an indefinite term, Dr. Parmley did not have to assign any cause, whether valid or not, for the termination. See LSA-C.C. art. 2747; Freeman v. Elbilco, Inc.. 338 So.2d 967, 968 (La.App. 4th Cir.1976); and numerous other cases with similar holdings.
For these reasons, we affirm the district court judgment dismissing Dr. Reiman's demands, with appellant to bear the costs of this appeal.
AFFIRMED.
NOTES
[1] Appellant had his name legally changed from John P. Harris to John K. Reiman in 1981 for reasons unrelated to this litigation.