532 So.2d 530 (1988)
STATE of Louisiana
v.
Emmett SPOONER.
No. CA 87 1080.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
Writ Denied December 2, 1988.
T. Barry Wilkinson, Asst. Dist. Atty., Port Allen, for plaintiff-appellant State of La.
Milton Osborne, Jr., Baton Rouge, for defendant-appellee, Emmett Spooner.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
This is an appeal of a decision denying removal of a public officer after he had been convicted of a felony.

FACTS
On August 15, 1984, the defendant was convicted of forgery, a felony under Louisiana law. On November 6, 1984, the defendant was elected a member of the West Baton Rouge Parish School Board and was *531 subsequently re-elected to this position on September 27, 1986. On appeal this court affirmed the conviction, 501 So.2d 1091, and denied a rehearing. On May 8, 1987, the Louisiana Supreme Court denied writs for review of the conviction 505 So.2d 1140. An application for reconsideration of that denial was denied on May 15, 1987, 506 So.2d 505. The defendant began serving a six month prison sentence on May 18, 1987.
On May 18, 1987, the state, through the District Attorney, filed for removal of the defendant from office pursuant to La.R.S. 42:1411 and 42:1412. The defendant filed an exception of no cause of action. The trial court granted the defendant's exception of no cause of action.
The issues for review are whether La.R. S. 42:1412 requires that the public officer be convicted during the term of office as a pre-requisite for removal from office; whether the "conviction" referred to in La. R.S. 42:1411 refers to conviction at the trial level or final conviction, or the affirmance of the conviction by a reviewing court or expiration of the time limits for review.

ANALYSIS
La.R.S. 42:1411 states in part:
"A) A public officer shall be removed from office for conviction, during his term of office, of a felony."
La.R.S. 42:1412 states in part:
"A) For conviction of a felony any public officer shall be removed by judgment of the district court of the district in which he is domiciled."
The state contends that La.R.S. 42:1411 and 42:1412 should be read separately and that 1411 applies only to suspensions and 1412 only to removal. We cannot agree with this interpretation. By its heading 1411 is designated as "grounds for removal and suspension" and 1412 is headed as "method for removal". These articles are to be read in pari materia, with the plain wording of the statute requiring that the conviction must occur during the term of office in order to allow removal from office.
The next argument by the state is that the trial court erred in finding that the defendant's conviction occurred prior to his taking office. The state argues that the court should have used the "final conviction", or after review or the period of time for review has expired.
La.R.S. 42:1411 requires that the conviction occur during the term of office but does not state whether the term "conviction" means conviction at the trial level or final conviction. La.R.S. 42:1412(A) states in part: "The district attorney of that judicial district shall institute the suit within ten days after the conviction is final and all appellate review of the trial court proceedings is exhausted." (emphasis added) When read together La.R.S. 42:1411 and 42:1412 establish a procedure holding a public officer shall be suspended after conviction at the trial level which suspension continues until final appellate review regardless of the term of office. However, removal from office cannot occur until the conviction is final after appellate review.
This interpretation of the removal proceeding is in accord with other interpretations regarding the effect of the finality of conviction. See State v. Perry, 364 So.2d 900 (La.1978). To read La.R.S. 42:1411 and 42:1412 otherwise would lead to inconsistent results. As interpreted by the trial court, a public official could be suspended from office for the conviction of a felony but could not be removed if the conviction at the trial level occurred during a prior term of office.
The holding of the trial court that the defendant's conviction occurred prior to his term of office was in error. Consequently, the granting of the exception of no cause of action was incorrect. We reverse the granting of the exception of no cause of action and remand the matter to the trial court level for removal proceedings according to La.R.S. 42:1411 and 42:1412 as interpreted by the court. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.