571 So.2d 702 (1990)
JOHNSON & PLACKE, et al., Plaintiffs-Appellees,
v.
James A. NORRIS, Jr., Defendant-Appellant.
No. 21960-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1990.
Writ Denied January 31, 1991.
*703 Bruscato, Loomis & Street by Albert E. Loomis, III, Monroe, for defendant-appellant.
Cook, Yancey, King & Galloway, by Bernard S. Johnson, Shreveport, for plaintiffappellee.
Before MARVIN, C.J., and LINDSAY and HIGHTOWER, JJ.
MARVIN, Chief Judge.
In an action by a law partnership and its partners for an accounting, restoration of funds, and damages against a partner who withdrew from the firm, the withdrawing partner appeals a summary judgment dismissing that part of his reconventional demand to partition immovable property on which the office building of the partnership is located.
The right to partition hinges on whether the property is owned by the partners individually, in which case partition lies, or by the partnership entity that has been created by a written contract registered with the secretary of state, in which case the partnership owns the property and partition does not lie. CC Art. 2806; LRS 9:3401 et seq.
The withdrawing partner contends that the written "short form" partnership contract which was registered with the secretary of state was legally insufficient because it does not provide how the profits and losses of the partnership were to be shared and allocated by the partners.
Answering, the partnership and remaining partners ask that we award damages *704 against the withdrawing partner for frivolously appealing. CCP Art. 2164.
While finding the appeal not frivolous, we affirm.

FACTS
The law firm originally had four partners: defendant Norris, Robert Foley, who withdrew from the firm before Norris did and who is not a party to the action, and plaintiffs Johnson and Placke. The partnership was formed on November 5, 1984, when the four partners signed "Articles of Partnership" in authentic form stating the name and address of the partnership and of each partner. The "short form" articles conclude with this paragraph:
The entire Agreement of the partners has been reduced to writing and signed by each partner on the 5th day of November, 1984, in West Monroe, Louisiana, with the said written agreement along with all of its terms and conditions incorporated herein in full with said written agreement on file in the offices of NORRIS, JOHNSON, PLACKE & FOLEY, ATTORNEYS, at 2000 North 7th Street, Suite B, West Monroe, Louisiana 71291.
The short form articles were filed with the secretary of state on November 1, 1985, about a year after the partnership was formed and about a month before the vacant land for the firm's office building was acquired and $300,000 in construction financing was borrowed by the partnership. All of the December 1985 sale and loan documents name the partnership, and not the individual partners, as the purchaser/borrower. The partnership appears as mortgagor of the property which was mortgaged to secure a $50,000 bank loan to the partnership in June 1986.
The firm's "long form" partnership agreement, referred to in the short form articles quoted above, contains 15 articles dealing with matters such as capital contributions, bank accounts, profits, losses and draws, and dissolution. It appears to have been signed by all four partners and is in the form of an authentic act, but it is not dated, witnessed or notarized.
Plaintiffs did not find the long form articles in the law office until after they had filed their motion for partial summary judgment supported by the short form articles and the sale, loan closing and other documents. Plaintiffs filed the original of the long form articles in the trial court with a request for admission of genuineness of document. Norris obtained an extension of time to respond to the request and had not formally responded to it when the summary judgment motion was heard.
Norris filed an answer to the summary judgment motion, attaching a copy of the long form articles and swearing in an affidavit that his signature on the long form articles was either forged or was obtained by fraud, misrepresentation or illegality. In depositions filed before the motion for summary judgment was decided, both Norris and Foley said they would not have knowingly signed the long form agreement because it conflicted with their understanding of how profits would be shared.
On December 31, 1986, the date of Foley's withdrawal from the firm, he and the remaining three partners executed an authentic act entitled "First Amendment to Articles of Partnership of Norris, Johnson, Placke & Foley," to reflect the changes in the firm's name to Norris, Johnson & Placke, Attorneys, and in address to their newly completed office building. The 1986 short form amendment of the articles also stated that the "entire ... written agreement" of the partners, dated December 31, 1986, was registered with the secretary of state and was kept on file at the law office. An amended long form agreement was prepared in December 1986 but was never signed. Although the record does not show the date of registry of the short form amended articles, Norris does not dispute that the short form articles, originally and as amended, were signed by the partners and were registered with the secretary of state.
Plaintiffs effectively alleged in the main demand against Norris that he had depleted the firm's capital by unilaterally paying more than $300,000 that was owed by the partnership on the debt it incurred *705 in 1985 to build the partnership's office building in West Monroe. Plaintiffs sought an accounting, restoration of funds, and damages from Norris.
In his answer and reconventional demand, Norris sought, among other things, a partition of the immovable property, contending it was owned by the individual partners and their wives. He also filed notice of the pendency of the partition demand in the Ouachita Parish real estate records.
In their motion for partial summary judgment plaintiffs asked that the partition demand be dismissed and the notice of lis pendens cancelled, contending the property is owned by the partnership and not by the individual partners. The trial court's summary judgment granted what plaintiffs sought.

LAW
Under CC Art. 2806, immovable property "acquired in the name of a partnership is owned by the partnership if, at the time of acquisition, the contract of partnership was in writing. If the contract of partnership was not in writing at the time of acquisition, the immovable is owned by the partners."
LRS 9:3402 directs that the "contract of partnership ... shall be filed for registry with the secretary of state in accordance with the provisions of this Chapter to affect third persons as provided by [CC Art.] 2806 ..." The "required content" of the contract for registry purposes is stated in § 3403:
A contract of partnership filed for registry with the secretary of state shall contain the name of the partnership, the municipal address of its principal place of business in this state, and the name and the municipal address of each partner, including partners in commendam, if any.

SUMMARY JUDGMENT
Norris does not deny that the partnership existed when the property was acquired, but contends the partnership agreement was oral and not written. His admission that the partnership existed distinguishes this case from cases he cites where the party alleging the existence of a partnership did not prove that one was formed. See, for example, Franklin Printing Co. v. Scott Fence of New Orleans, Inc., 392 So.2d 170 (La.App. 4th Cir.1980), writ denied, and John P. Harris, M.D., Inc. v. Parmley, 480 So.2d 500 (La.App. 5th Cir. 1985).
Because the short form articles of partnership were registered with the secretary of state as required by LRS 9:3403, this case is also distinguishable from Gulf Union Mtg. Corp. v. Michael & Barber Const. Co., 251 So.2d 459 (La.App. 1st Cir.1971), also cited by Norris. There the individual partners were found to be the owners of the immovable property at issue because the articles of partnership were not recorded in the public records when the partnership purportedly bought and mortgaged the property.
The issue here is not whether the partnership existed, or whether the articles of partnership were registered when the property was acquired, but whether the short form articles that were registered constitute the written contract of partnership which CC Art. 2806 requires for the partnership entity to own immovable property. To resolve this issue, we consider in pari materia Art. 2806 and LRS 9:3402 and 9:3403, each of which was enacted in 1980 essentially in its present form. CC Art. 13; State in Interest of Sapia, 397 So.2d 469 (La.1981). The writing requirement of Art. 2806 must be read with the statutes directing what must be filed (§ 3403) and where (§ 3402) to enable a partnership to own immovable property. See and compare State v. Spooner, 532 So.2d 530 (La.App. 1st Cir.1988), writ denied.
Under §§ 3402 and 3403, the "required content" of a "contract of partnership filed for registry with the secretary of state ... to affect third persons as provided by [CC Art.] 2806" consists of the name and municipal address of the partnership and each partner.
The statutes do not require that every detail of the partnership agreement, *706 such as how the partners will share profits and losses, be included in the written contract registered with the secretary of state. Although the partners must agree that they will share profits and losses to establish a partnership as defined in CC Art. 2801, the omission from a written or oral partnership agreement of the details of how they will share, does not render the agreement invalid. See CC Art. 2803, which expressly provides that the partners participate equally in profits and losses unless they have agreed otherwise.
We recognize that § 3402 speaks of notice to third persons and that the ownership issue here arises between the partners themselves and not with a third person. This distinction is unimportant. The partnership borrowed money from a bonding authority and a bank to finance the construction of its office building. Each lender held a mortgage on the property until Norris paid off the loans, apparently without the knowledge of the other partners, shortly before he withdrew from the firm. Norris dealt with these creditors-third persons in the name of the partnership. His dealings precipitated this action.
In his answer to the petition, Norris alleged that two of the other partners had used more than ten percent of the bond money to pay personal debts, in violation of state law dealing with the use of bond money for non-project purposes. He alleged that this conduct by the other partners "defrauded" the secured creditors and "violated the integrity of their security interest" after they "had in good faith loaned money thinking that [it] had been applied to a specific project over which they held appropriate security." By alleging that the creditors held appropriate security but for the alleged misconduct by the other partners, Norris implicitly admits that the mortgages, executed by the partnership and not by the individual partners and their wives, were legally efficacious and were not otherwise defective. While not dispositive of the partnership property ownership issue, the allegations of Norris may be considered with other evidence on the issue. See and compare Salsul Company v. Kohlmeyer, 325 So.2d 858 (La.App. 4th Cir. 1976), writ denied, and Harris v. Wallette, 538 So.2d 728 (La.App. 2d Cir.1989).
Norris correctly argues that denominating the partnership as the property owner in the sale and loan documents does not, of itself, vest title in the partnership. Gulf Union Mtg. Corp. v. Michael & Barber Const. Co., supra. Here, however, the documents naming the partnership as owner were executed after the partnership registered the short form articles with the secretary of state. The partnership's compliance with LRS 9:3402 and 9:3403, before the immovable property was acquired, was legally sufficient to vest title in the partnership under CC Art. 2806.
Although Norris admits that he signed the short form articles, he contends they constitute a simulation because the partners knew that the long form agreement had not been executed when they signed the short form articles stating that the "entire Agreement of the partners has been reduced to writing and signed by each partner on the 5th day of November, 1984,... [and is kept] on file in the offices of [the firm in West Monroe]."
CC Art. 2025 defines a simulated contract as one which, by mutual agreement, does not express the true intent of the parties. The short form articles do not meet the Art. 2025 definition of a simulated contract because they express the intent of the partners, including Norris. Norris admitted that the partners intended to sign a long form agreement.
Norris has alleged that his signature on the long form agreement was obtained by fraud, misrepresentation or illegality. These alleged vices of consent in the long form agreement may affect the resolution of other issues in this litigation. The allegations do not, however, preclude summary judgment on the demand for partition of the immovable property. The purpose of summary judgment is to expeditiously dispose of demands that present only issues of law. CCP Art. 966; Dement v. Red River Valley Bank, 506 So.2d 1329 (La.App. 2d Cir.1987). Because the partnership complied with the legal requirements *707 authorizing its ownership of immovable property, summary judgment was appropriate and correct in dismissing Norris's reconventional demand that the property be partitioned among the individual partners and their wives.

FRIVOLOUS APPEAL CLAIM
By answer to the appeal, plaintiffs asked for frivolous appeal damages under CCP Art. 2164. An appeal is deemed frivolous if it does not present a substantial legal question, or if it is obvious either that it was taken solely for delay or that counsel does not seriously believe in the view of the law he advocates. In re Succession of Bradford, 550 So.2d 678 (La.App. 2d Cir. 1989).
We do not find Norris's appeal to be frivolous in any respect. This appeal apparently will be the first reported case interpreting CC Art. 2806 in conjunction with LRS 9:3402 and 9:3403 after these statutes were enacted in 1980. The appeal also questions whether summary judgment is appropriate to resolve the reconventional demand for partition.
In their motion to supplement the record filed in this court, plaintiffs contend Norris admitted in the trial court after the motion for partial summary judgment was decided that his signature on the long form articles was not forged, as he had alleged. As Norris has alleged other vices of consent in the long form articles, including fraud and misrepresentation, the apparent resolution of the forgery issue does not end the inquiry into the validity of the long form articles in other respects. Had we found that the short form articles were legally insufficient to vest title in the partnership, the factual issues alleged by Norris to contest the validity of the long form articles would have been relevant and would have precluded summary judgment.

CONCLUSION
On this record, we find that the short form articles of partnership are legally sufficient for the partnership to own immovable property and affirm the summary dismissal of Norris's demand for partition. CC Art. 2806; LRS 9:3402, 9:3403; CCP Art. 966. Because the appeal presents a substantial legal issue, we deny damages for frivolous appeal. CCP Art. 2164; In re Succession of Bradford, supra. We also deny the motion to supplement the record of this appeal, reserving to plaintiffs the right to seek sanctions in the trial court under CCP Art. 967 (affidavits presented in bad faith or solely for the purpose of delay), or under CCP Art. 863 (effect of signing pleadings) as interpreted in Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2d Cir.1990).

DECREE
We affirm the partial summary judgment and assess costs of the appeal to Norris. We deny plaintiffs' motion to supplement the record and the demand for frivolous appeal damages.