LeBLANC, Judge.
Defendant, Matthew Thompson, was charged by bill of information with simple escape, in violation of La.R.S. 14:110. After a trial by jury, defendant was found guilty of the responsive verdict of attempted simple escape. He was sentenced to two years imprisonment in the custody of the Department of Public Safety and Corrections, to run consecutively to a sentence for simple burglary. (Defendant was convicted of simple burglary in a separate trial.) Defendant filed a motion for post-verdict judgment of acquittal, which was denied. Defendant now appeals, alleging as his sole assignment of error that the evidence presented at trial is insufficient to *27 support the conviction, We find merit in this assignment of error.
FACTS [1]
Defendant occupied a cell in the Ascension Parish Jail on October 18, 1989. On that day, Donald Trabeau, a police juror, transported defendant and two other men to a job site in the parish where they were to rebuild a fence torn during the clearing of a right-of-way. Trabeau signed a form acknowledging the release of the men into his custody. Trabeau testified that he had been supervising prisoners at job sites for one and one-half years.
Soon after arriving at the job site, defendant requested to use the bathroom. Tra-beau told him to relieve himself behind the bushes because there was no facility. After about nine minutes, Trabeau called to defendant, who was no longer there. Later that day, defendant was apprehended hiding in the kitchen cabinet of a home located in the parish.
ASSIGNMENT OF ERROR NUMBER ONE
In his only assignment of error, defendant argues that the evidence is insufficient to sustain his conviction. Defendant contends that a rational trier of fact could not have found beyond a reasonable doubt that defendant’s custody or confinement was lawful.
La.R.S. 14:110 provides, in pertinent part:
A. Simple escape shall mean any of the following:
(1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.
(2) The failure of a criminal serving a sentence and participating in a work release program authorized by law to report or return from his planned employment or other activity under the program at the appointed time.
In order for a person to commit the crime of escape, the escape must be made from lawful custody. State v. Perry, 364 So.2d 900, 901 (La.1978). The state bears the burden of proving each and every element of an offense beyond a reasonable doubt. In the instant case, the state offered no evidence to explain or substantiate why defendant was confined and, thus, there were no facts from which the jury could conclude that defendant’s confinement was lawful or based upon “color of law”. See, Perry, 364 So.2d at 901.
Additionally, defendant contends that no rational trier of fact could have found beyond a reasonable doubt that he was participating in a work release program. At trial, it was established that it was common practice for Trabeau to pick up inmates at the jail and bring them to work sites. The record does not indicate what officials or governing bodies authorized this practice, who administered it, or what the rules and regulations were that governed it. Particularly, the state did not prove how, or if, the Ascension Parish Sheriff’s Office participated in or controlled this practice, except to release the inmates to Trabeau and then receive them back from him. Accordingly, it was never established that the inmates were released to Trabeau pursuant to a work release program “authorized by law.” See, La.R.S. 14:110 A(2).
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard is whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Price, 498 *28 So.2d 244, 247 (La.App. 1st Cir.1986), writ denied, 503 So.2d 474 (La.1987).
After a careful review of the record, we find that the state did not adequately prove each and every element of the crime. Therefore, a rational juror could not have concluded from the evidence presented that defendant was legally confined in the Ascension Parish Jail or that defendant’s departure from the job site constituted attempted simple escape. For the reasons herein stated, we reverse defendant’s conviction and sentence for attempted simple escape.
REVERSED.

. The facts set forth herein are derived from trial on the merits. While other portions of the record reveal additional facts, we concentrate only on those revealed to the jury at trial since our purpose herein is to assess the sufficiency of the evidence.