11 SULLIVAN, Judge.
Plaintiff, Bennie Coker, sued defendant, the Town of Glenmora, Louisiana, asserting his entitlement to his unpaid salary as the town’s elected Chief of Police for the period *681 commencing September 17, 1993, the final day of his automatic suspension for having been convicted of a felony, and ending December 31, 1994, the last day ofjjhis term of office. In a single pleading, the Town of Glenmora filed an exception of no cause of action, an answer, a reconventional demand for reimbursement of health insurance premiums paid on behalf of Coker, and a third-party demand against Charles F. Wagner, the Rapides Parish District Attorney. In its third-party demand, the town maintained that, if it were found liable to Coker, the district attorney should indemnify the town because of the district attorney’s failure to timely file a suit for Coker’s removal from office within ten days of the end of Coker’s automatic suspension.
The trial court denied Coker’s demands and the town’s reconventional and third-party demands. Coker appealed, and the Town of Glenmora answered his appeal. Coker contends that the trial court erred in denying his claim for back pay and in assessing all trial court costs to him. The town maintains that, if this court finds merit in Coker’s appeal, we should also find merit in the town’s reconventional and third-party demands.
We conclude that the trial court did not err in dismissing the claims of Coker and the Town of Glenmora. Therefore, we affirm the trial court’s judgment on its merits. However, we find that the trial court abused its discretion in assessing all costs in Coker’s suit and the district attorney’s suit for his removal to Coker. The trial court costs in the removal suit are hereby assessed to the district attorney.
FACTS
Coker was convicted on January 25, 1993 for having committed malfeasance in office, a felony, in violation of La.R.S. 14:134(2). The trial court sentenced Coker pursuant to La. Code Crim.P. art. 893 to one year of supervised probation, a fine, and a monthly probation supervision fee. Coker appealed his conviction.
| ¡¡Pursuant to La.R.S. 42:1411(B), the Town of Glenmora suspended Coker from office without pay on March 2, 1993. The town council appointed a replacement chief of police.
On June 16, 1993, this court affirmed Coker’s conviction for malfeasance, and, on September 17, 1993, the supreme court denied his writ application. See State v. Coker, 625 So.2d 190 (La.App. 3 Cir.), writ denied, 624 So.2d 1204 (La.1993).
Coker successfully complied with the conditions of his Article 893 probation. On March 1, 1994, the trial court set aside and dismissed the conviction in conformity with Article 893. Coker did not thereafter resume his duties as Glenmora Chief of Police. A replacement continued to operate in that capacity, and the Rapides Parish Sheriffs Office provided police protection to the town.
On October 5, 1994, Coker was once again elected as Glenmora Chief of Police to serve a four-year term commencing January 1, 1995. Coker filed the instant suit on November 28, 1994. He asserted that, under La. R.S. 42:1411(B), his automatic suspension ended on September 17,1993, the date of the supreme court’s writ denial. Coker also maintained that the district attorney failed to file suit for his removal pursuant to La.R.S. 42:1412 within the requisite ten days from the date of the writ denial. He alleged that, from September 17,1993, he had been willing and available to serve as Chief of Police, but the Town of Glenmora had refused to allow him to resume his duties. He prayed for an award of his salary from September 17, 1993 to December 31, 1994 plus attorney fees and the assessment of court costs to the Town of Glenmora.
On December 23,1994, the Rapides Parish District Attorney filed a separate suit against Coker seeking his removal from office. Coker responded with exceptions of | mo cause of action and prescription. On February 7, 1995, the trial court, on its own motion, consolidated Coker’s suit with the district attorney’s removal action.
The trial court granted Coker’s exceptions of no cause of action and prescription and dismissed the district attorney’s suit for removal on April 20, 1995. The district attorney appealed this ruling, but the appeal was *682 subsequently dismissed on the joint motion of the district attorney and Coker.
At trial on the merits of Coker’s suit held on October 31,1995, the parties stipulated to the fact that the Town of Glenmora had an appointed replacement Chief of Police from March 2, 1993 through December 31, 1994. The town paid the replacement chief an amount equal to Coker’s salary during this period. Coker testified that, in December 1993, he spoke to Mayor Tyrone Doyle about resuming his duties as Glenmora Chief of Police. In early 1994, Mayor Doyle informed him that the town’s attorney had advised him not to allow Coker to return to work. Coker stated further that he inquired once again, after being elected on October 5, 1994, about returning to work prior to the January 1, 1995 commencement of his new term in office. According to Coker, the mayor declined his request. Coker conceded that he had performed no Chief of Police duties from March 2, 1993 to December 31, 1994, and that, during this period, he was working at another job. He also said that the district attorney never formally removed him from office during this period.
Mayor Doyle also testified at the trial. He said that Coker spoke to him two or three times from March 2, 1993 to December 31, 1994 about returning to work. Mayor Doyle, however, could not remember when specifically the conversations had occurred. He also explained that the Glenmora Town Council agreed to pay Coker’s health insurance coverage premium during his appeal of the malfeasance conviction because, if the conviction were reversed on appeal, he would be retroactively entitled | gto coverage during the interim period. Mayor Doyle said the town council was concerned that, because of Coker’s health problems, the insurer would refuse to insure him after the town initially dropped his coverage.
After taking the case under advisement, the trial court rendered reasons for judgment on November 28,1995. The trial court found that La.R.S. 42:1411(B) mandated an automatic suspension without pay upon Coker’s felony conviction. He also determined that, pursuant to La.R.S. 42:1411(C), Coker’s appointed replacement had to serve until either the conviction was reversed on appeal or the end of Coker’s term of office, whichever is first. The trial court concluded that the legislature did not intend for a convicted public official to be paid while suspended or someone else was doing his job because of his conviction; The trial court also ruled that the subsequent setting aside of Coker’s conviction did not entitle him to resume his office or begin receiving his salary and that the district attorney’s failure to timely sue to remove him from office was of no consequence.
The trial court rendered supplemental reasons on December 6, 1995, in which it ruled that, because the Town of Glenmora voluntarily paid Coker’s health insurance premiums, he was not obligated to reimburse the town for this expense. The trial court signed a judgment on February 6,1996.
LAW
La. Const, art. X, §§ 24(A) and 25 provide for the removal from office of a public official. Article X, § 24(A) provides:
A state or district official, whether elected or appointed, shall be liable to impeachment for commission or conviction, during his term of office of a felony or for malfeasance or gross misconduct while in such office.
Section 25 provides:
1 f;For the causes enumerated in Paragraph (A) of Section 24 of this Article, the legislature shall provide by general law for the removal by suit of any state, district, parochial, ward, or municipal official except the governor, lieutenant governor and judges of the courts of record.
Pursuant to this constitutional mandate, the legislature enacted La.R.S. 42:1411 et seq., entitled “Removal of Public Officers by Suit.” Section 1411 provides pertinently:
A. A public officer shall be removed from office for conviction, during his term of office, of a felony.
B. The conviction for a felony of a public officer shall automatically suspend that individual from his public office without compensation. The suspension from public office without compensation shall continue *683 until the conviction is final and all appellate review of the original trial court proceedings is exhausted. During the period of suspension, the public official shall not perform any official act, duty, or function nor shall he receive any compensation, pay, allowance, emolument, or privilege of his office. If the conviction is reversed on appeal, the public official shall be entitled to and shall receive full back pay with legal interest thereon from the date of suspension, compensation, and all rights, duties, powers, allowances, emoluments, and privileges of office to which he would have been entitled had he not been suspended.
C. During this period of suspension, another person shall be appointed to perform the official acts, duties, and functions of that office during the period of suspension. Any person appointed, to perform, these official acts, duties, and functions shall serve in his appointed capacity until the conviction of the public official is reversed on appeal or until expiration of the term of office of the suspended public official, whichever occurs first. Every person appointed under the provisions of this Section shall receive the same pay, compensation, allowances, emoluments, and privileges of the office to which he is appointed as the suspended public official received prior to his suspension.
(Emphasis added.)
This article clearly provides for mandatory suspension by operation of law upon a public official’s felony conviction. The suspension lasts until the conviction is final and appellate review is exhausted. In this case, therefore, Coker’s automatic suspension lasted until September 17, 1993, when the supreme court denied his writ ^application. However, subsection (C), in mandatory terms, provides that the appointed replacement must serve until the conviction is reversed on appeal or the end of the public official’s term of office, whichever is first. Coker’s suspension was not reversed. Therefore, subsection (C) required the appointed replacement to serve until the end of Coker’s term, December 31, 1994. As such, the fact that his automatic suspension was lifted on September 17, 1993 by the exhaustion of appellate review did not thereby entitle Coker to resume his duties as Glenmora Chief of Police. In other words, if a public official’s conviction is not reversed, and either all appellate review is exhausted or he chooses not to appeal and the conviction becomes final through the passage of appellate time delays, then the statute mandates that the public official cannot resume his duties during the remainder of his term of office because his appointed replacement must serve in his capacity until the expiration of the term of office.
Additionally, the statute only allows a convicted public official the right to back pay and benefits for the suspension period if the conviction is reversed on appeal. It does not provide him any right to his salary and benefits during the period following affirmation of the conviction when the suspension is ended.
La.R.S. 42:1412 provides that, after the automatic suspension ends upon exhaustion of appellate review, the district attorney is required to file suit within ten days for the removal of the public official. This statute provides, in pertinent part:
A. For conviction of a felony any public officer shall be removed by judgment of the district court of the district in which he is domiciled. The district attorney of that judicial district shall institute the suit within ten days after the conviction is final and all appellate review of the original trial court proceedings is exhausted.
This statute obligated the district attorney to file suit for Coker’s removal in the ten day period following the supreme court’s September 17, 1993 writ denial. The district | ^attorney admittedly did not do so. However, the statute does not provide for the remedy sought by Coker, i.e., the right to resume his duties and/or receive his salary and benefits upon the district attorney’s failure to timely file the removal suit.
La.R.S. 42:1411 and 1412 are to be read in pari materia. State v. Spooner, 532 So.2d 530 (La.App. 1 Cir.), writ denied, 533 So.2d 377 (La.1988). The legislature obviously contemplated that, upon the exhaustion of appellate review which thereby lifts the automatic suspension, the district attorney would timely sue for removal of the public *684 official. At a trial on the public official’s removal, La.R.S. 42:1412 requires that' the district attorney need only present proof of the conviction in order to effectuate the removal from office. It would be an absurd result to allow a convicted public official to return to his duties or to be entitled to the emoluments of his office ten days after the appellate affirmation of his conviction simply because the district attorney missed the ten day deadline for filing the removal suit. Subsection 1412 provides no such remedy to the convicted public official for the district attorney’s failure to timely file the removal suit. We understand that, after September 17, 1993, Coker was no longer suspended and, after September 27, 1993, he had not been successfully removed from office. However, he was still a convicted felon who had not yet completed his sentence.
We also agree with the trial court’s conclusion that the setting aside of Coker’s conviction on March 1, 1994, pursuant to La.Code Crim.P. art. 893, was of no consequence. His appointed replacement was required to serve until the end of his term of office, December 31, 1994. Additionally, Coker conceded that, after the March 1,1994 “setting aside” of his conviction, he did nothing to attempt to resume his duties until after being elected again in October 1994. We are not persuaded by Coker’s argument and his willingness to be paid for work that he did not do.
| ¡¡Plaintiff also asserts that the trial court abused its discretion in assessing costs to him in both his suit against the town and the district attorney’s removal suit against him. The trial court has discretion to assess court costs pursuant to La.Code Civ.P. art. 1920. We conclude that the trial court abused its discretion in assessing costs to Coker in the removal suit. The district attorney filed the removal suit over one year too late, and the trial court maintained Coker’s two peremptory exceptions and dismissed in his favor. We, therefore, reassess costs in the removal suit to Charles F. Wagner, Rapides Parish District Attorney.
DECREE
For these reasons, we reverse the trial court’s assessment of costs incurred at the trial level in the suit captioned “Charles F. Wagner, D.A. v. Bennie Coker” and reassess these costs to the district attorney. In all other respects, we affirm the trial court’s judgment.
Costs of this appeal are taxed to Bennie Coker.
AFFIRMED IN PART; REVERSED IN PART.