Dear Ms. Glasper:
Your request for an Attorney General's Opinion has been forwarded to me for research and reply. Your letter states that a member of the East Carroll Parish School Board was convicted of a felony in the State of Arkansas during his term of office. The additional facts which you have provided our office include the fact that the crime was billed as sexual abuse in the first degree, wherein he pled guilty on April 10, 2000 and did not file an appeal. The appeal period was for thirty days.
You seek our opinion on the following questions:
 (1) Should the District Attorney, pursuant to Louisiana R.S. 42:1411 and R.S. 42:1412, institute a removal action against a public officer convicted of a felony in another state?; and
 (2) Does the failure of the District Attorney to institute the suit within ten days after the conviction is final, in accordance with R.S. 42:1412.A., defeat the removal action?
The Louisiana Constitution provides:
 Section 24.(A) Persons Liable. A state or district official, whether elected or appointed, shall be liable to impeachment for commission or conviction, during his term of office of a felony or for malfeasance or gross misconduct while in such office.
 * * *
 LSA-Const. Art. X, § 24 (1974).
The constitution further provides:
 Section 25. For the causes enumerated in Paragraph (A) of Section 24 of this Article, the legislature shall provide by general law for the removal by suit of any state, district, parochial, ward, or municipal official except the governor, lieutenant governor, and judges of the courts of record.
LSA-Const. Art. X, § 25 (1974).
The legislature has provided by general law for the removal of a public officer for the cause of conviction during a term of office of a felony, as follows:
 § 1411. Public officer; ground for removal; suspension; definitions
 A. A public officer shall be removed from office for conviction, during his term of office, of a felony.
 * * *
 G. For the purposes of this Chapter, the term `felony' includes both a felony under the laws of this state and a felony under the laws of the United States. For purposes of this Chapter, the term `public officer' means any person holding a public office, whether state, district, parochial, ward, or municipal, whether the person is elected or appointed except judges of the courts of record.
LSA-R.S. 42:1411.
The method of removal is provided for in R.S. 42:1412, as follows:
 § 1412. Method of removal
 A. For conviction of a felony any public officer shall be removed by judgment of the district court of the district in which he is domiciled. The district attorney of that judicial district shall institute the suit within ten days after the conviction is final and all appellate review of the original trial court proceedings is exhausted.
 * * *
Thus, your first question is whether or not these laws apply to a felony conviction in another state.
Although our research does not reveal a case exactly on point, we believe Tucker v. Huval, 374 So.2d 745, is relevant. In this case the court found that the term felony did not include the Federal crime of which the defendant was convicted [fraudulent evasion of Federal Income Taxes] because under Louisiana law, the crime of willful evasion of Louisiana State income taxes was only a misdemeanor. However, at the time Tucker, supra was decided, R.S.42:1411 did not include a definition of the term felony. Thus, the Court agreed with the defendant that the term felony under the constitution and statutes was restricted to a felony under Louisiana law and did not include felonies under Federal law. Since Tucker, supra, the legislature has defined the term felony. R.S. 42:1411 was amended in 1980 to define the term "felony" to include both a felony under the laws of Louisiana and a felony under the laws of the United States.
A felony under the laws of Louisiana is defined as "[a]ny crime for which an offender may be sentenced to death or imprisonment at hard labor." R.S. 14:2. A felony under federal law is any offense punishable by death or imprisonment for a term exceeding one year. 18 U.S.C. § 1.
The crime for which the public official pled guilty was the crime of sexual abuse in the first degree. Although Louisiana does not have a crime defined as such, the comparable crimes under Louisiana law would be those offenses affecting sexual immorality in Part V., Subpart A of our Criminal Code, specifically R.S.14:81, Indecent behavior with juveniles, and R.S. 14:81.2, Molestation of a juvenile. Both of these crimes are felonies under Louisiana law, as both may be punishable by imprisonment at hard labor.
At a trial on a public official's removal, R.S. 42:1412 requires that the district attorney need only present proof of the conviction in order to effectuate the removal from office. See,Coker v. Town of Glenmora, 96-1365 (La.App. 3 Cir. 4/2/97),692 So.2d 679. Thus, we believe that it would be an absurd result to allow a public official who was convicted of a felony in another state, which is comparable to a felony in Louisiana, to continue to serve in public office in violation of the removal provisions of R.S. 42:1411-1412, on the technical argument that the crime was not committed in Louisiana. In sum, it is our opinion thatTucker, supra supports the logical conclusion that if a crime committed elsewhere can be considered a felony under Louisiana law, removal action is appropriate.
In conclusion, it is our opinion that the removal action by the District Attorney is a mandatory duty as long as the public official has been convicted of a felony, as defined by our law, during his term of office. We are cognizant of the fact that our opinion is not binding on a court of law, but we believe that a removal action based upon a felony conviction in another state, which crime is comparable to a felony under Louisiana's law, is an appropriate action by the District Attorney.
In response to your second question, Coker, 692 So.2d at 683-684, states:
 This article [R.S. 42:1411] clearly provides for mandatory suspension by operation of law upon a public official's felony conviction. The suspension lasts until the conviction is final and appellate review is exhausted. [s]ubsection (C), in mandatory terms, provides that the appointed replacement must serve until the conviction is reversed on appeal or the end of the public official's term of office, whichever is first.
 * * *
 La. R.S. 42:1412 provides that, after the automatic suspension ends upon exhaustion of appellate review, the district attorney is required to file suit within ten days for the removal of the public official. This statute obligated the district attorney to file suit for Coker's removal in the ten day period following the supreme court's September 17, 1993 writ denial. The district attorney admittedly did not do so.
 * * *
 It would be an absurd result to allow a convicted public official to return to his duties or to be entitled to the emoluments of his office ten days after the appellate affirmation of his conviction simply because the district attorney missed the ten day deadline for filing the removal suit.
In Coker, supra, the trial court dismissed the district attorney's suit for removal by granting Coker's exception of prescription, as the removal suit was filed more than a year after the felony conviction was final. The district attorney appealed this ruling, but the appeal was subsequently dismissed on the joint motion of the district attorney and Coker. Thus, it does seem possible to defeat a removal action based on the exception of prescription, where suit is not filed until more than one year after the felony conviction is final. Nevertheless, the above comments by the appellate court leads us to believe that even if a removal suit is not filed within the ten days, the public official will not be entitled to return to office.
Since R.S. 42:1412 uses the mandatory word shall, it is our opinion that the District Attorney is mandated to take appropriate action within ten days of the final conviction. However, in specific response to your second question, failure to act within ten days does not in our opinion give the public official grounds to defeat the removal action. Nevertheless, under Coker, supra, a public official may be able to defeat a removal action when suit is not filed within one year of the final conviction.
We hope this opinion addresses all of your questions and concerns herein. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb