PER CURIAM.
This is an appeal from a district court judgment which reversed the Democratic executive committee’s determination and disqualified appellant, Victor J. Dauterive, from being a candidate for election to the St. Bernard Parish School Board because of having been convicted in 1967 of a federal offense, without having been pardoned; La.Const. art. 8 sec. 6, as amended in 1968.
The basis of the objection to the candidate’s qualifications and of the trial court’s judgment is that on January 27, 1967, Dau-terive was adjudged guilty and convicted in the United States District Court for the Eastern District of Louisiana of violating Title 18 U.S.C. § 1005, Federal Reserve Act, while acting in his capacity as president of the People’s Bank and Trust Company of St. Bernard, thereby rendering him ineligible “to register, vote or hold office” under La.Const. art. 8, § 6.
Appellant argues that the petition in the district court (not the objection filed with the Committee) failed to state a cause of action by not reciting the facts of the federal offense (to show it was a felony under state law); that the crime is not “necessarily” a felony under state law; that the federal court’s simple adjudication of guilt on appellant’s guilty plea, followed not by sentence but by suspension of imposition of sentence, does not constitute a “conviction” for purposes of La.Const. art. 8, § 6; and that application of the 1968 amendment of art. 8, § 6 to appéllant’s 1967 conviction is an ex post facto application of the amendment.
We reject the first three arguments as having little merit. The exception of no cause of action was filed in this court, after the trial, and if the- petition was deficient the federal bill of information, introduced into evidence without objection, cured the alleged defect in the petition (disregarding the question whether, as an appeal from the committee, the petition is required to allege all of the facts again). The crime charged — reporting to state bank directors as bank president that overdrafts were $19,207.76 when they were at least $89,551.51 to appellant’s knowledge, with intent to deceive the directors — of which crime appellant was adjudicated “guilty as charged and convicted”, was plainly a felony under La.R.S. 6:13 and 14. And the adjudication on a plea of guilty was a “conviction” even though imposition of sentence was suspended.
The main thrust of this appeal is that the trial court by an ex post facto application of the November 5, 1968 amendment of art. 8 § 6 significantly altered the rights of the appellant as they existed at the time of his conviction in 1967. Appellant relies upon the case of Crothers v. Jones, 239 La. 800, 120 So.2d 248 (1960), to sustain his position that the conviction of a felony in a federal court in 1967 did not disfranchise him or render him ineligible to hold office under La.Const. art. 8 § 6 as then enacted.
We conclude that Crothers is distinguishable from the present case in that the crime of which Jones was convicted does not appear to have been committed in this state (nor, insofar as the opinion reveals, to have been constituted a felony by Louisiana law) and therefore Jones’ crime could not have been punished by imprisonment in “the penitentiary”, i. e. the Louisiana State penitentiary.
Here, the crime of which Dauterive was convicted (by a federal court) was committed in Louisiana, and it was one punishable by imprisonment in the Louisiana State penitentiary. We read Crothers not as requiring that the conviction be by a Louisiana court, but only that the crime be punishable by state penitentiary imprisonment as a felony in Louisiana.
Accordingly Dauterive was ineligible under La.Const. art. 8, § 6 prior to its 1968 amendment, and the question of ex post facto law is not here presented.
The judgment is affirmed.
Affirmed.