374 So.2d 745 (1979)
Knowles M. TUCKER, District Attorney, Plaintiff and Appellant,
v.
Patrick HUVAL, Mayor, Town of Henderson, Defendant and Appellee.
No. 7119.
Court of Appeal of Louisiana, Third Circuit.
August 23, 1979.
Knowles M. Tucker and Leon E. Roy, Jr., New Iberia, for plaintiff and appellant.
J. B. Willis, St. Martinville, for defendant and appellee.
Before CULPEPPER, WATSON and FORET, JJ.
CULPEPPER, Judge.
The district attorney of the Sixteenth Judicial District filed this suit to remove from office the defendant, mayor of the town of Henderson, on the grounds that defendant was convicted of a felony, attempted willful evasion of Federal Income Taxes, during his term of office. The defendant filed an exception of no cause of action on the grounds that the Federal crime alleged in plaintiff's petition is not a felony within the meaning of the Louisiana removal from office law. The district judge sustained the exception and dismissed plaintiff's suit. Plaintiff appealed. We affirm.
The decisive issue is whether attempted willful and fraudulent evasion of Federal Income Taxes, a felony under Federal law, is a felony within the meaning of the Louisiana Constitution and Statutes providing for removal of public officers.
*746 For purposes of the exception of no cause of action, all of the well-pleaded allegations of fact of plaintiff's petition must be accepted as true. These facts are that the defendant is the mayor of the town of Henderson and held such office during the month of April, 1972. On June 22, 1978, defendant entered a plea of guilty to Count I of a Six-Count indictment on the docket of the United States District Court for the Western District of Louisiana, Lafayette Division. Count I alleges, as shown by a copy attached to the petition, that on April 17, 1972 the defendant willfully and knowingly attempted to evade a large portion of his Federal Income Tax for the calendar year 1971. Count I of the indictment is a felony under the Federal Internal Revenue Code, 26 U.S.C., Section 7201. As a result of the plea of guilty, defendant was sentenced to pay a fine of $10,000 and to serve three years imprisonment, the sentence of imprisonment being suspended and defendant being placed on probation for a period of five years.
Article 10, Sections 24(A) and 25 of the 1974 Louisiana Constitution provide:
"Section 24. (A) Persons Liable. A state or district official, whether elected or appointed, shall be liable to impeachment for commission or conviction, during his term of office of a felony or for malfeasance or gross misconduct while in such office."
"Section 25. For the causes enumerated in Paragraph (A) of Section 24 of this Article, the legislature shall provide by general law for the removal by suit of any state, district, parochial, ward, or municipal official except the governor, lieutenant governor, and judges of the courts of record."
Statutes implementing the above constitutional provisions are LSA-R.S. 42:1411-1412 which provide in pertinent part:
"Section 1411. Public Officers; grounds for removal
"Any public officer, whether state, district, parochial, ward or municipal, whether elected or appointed, except the governor, lieutenant governor, and judges of the courts of record, shall be liable to removal from office for conviction, during his term of office of a felony while in such office. Added by Acts 1976, No. 628, Section 1."
"Section 1412. Method for removal
"For conviction of a felony, any public officer, whether state, district, parochial, ward of municipal, except the governor, lieutenant governor, and judges of the courts of record, shall be removed by judgment of the district court of his domicile. The district attorney shall institute any suit in which the district of the officer to be removed is wholly within the jurisdiction of said district attorney; ..."
The plaintiff district attorney contends the term "felony" in these constitutional and statutory provisions includes felonies under Federal law. The defendant contends the term "felony" in the Louisiana Constitution and Statutes is restricted to a "felony" under Louisiana law. Additionally, defendant contends that even if the constitutional and statutory provisions are liberally construed to include felonies under Federal law, which are also felonies under Louisiana law, the crime of willful evasion of Louisiana State income taxes is only a misdemeanor under Louisiana law.
LSA-R.S. 14:2(4) and (6) provide that a felony is a crime for which defendant may be sentenced to death or imprisonment at hard labor, and a misdemeanor is any other crime. The Louisiana Statute on income tax evasion, LSA-R.S. 47:1642, provides a penalty of a fine of not more than $1,000 or imprisonment for not more than one year. Thus, evasion of Louisiana income taxes is a misdemeanor.
The statute at issue provides a penalty, i. e., removal from office, and is therefore subject to the special rule of statutory construction that all penal and penalty statutes must be strictly construed. Tichenor v. Tichenor, 190 La. 77, 181 So. 863 (1938); Harmon v. Lumbermen's Mutual Casualty Company, 247 La. 263, 170 So.2d 646 (1965); Gros v. LeBlanc, 304 So.2d 49 *747 (La.App. 1st Cir. 1974); Sciortiono v. Louisiana State Board of Cosmetology, 194 So.2d 409 (La.App. 4th Cir. 1967); Redemer v. Hollis, 347 So.2d 48 (La.App. 2d Cir. 1977). Under this rule, the court will not apply a penalty in a case which is not within the obvious meaning of the language of the statute, even though it be within the mischief sought to be remedied. Vander Sluys v. Finfrock, 158 La. 175, 103 So. 730 (1925); Gulfco Finance Company of Marrero v. Malone, 230 So.2d 269 (La.App. 4th Cir. 1969). We cannot agree with plaintiff's argument on appeal that the removal statute in question is of the type which should be liberally construed to accomplish the legislative intent.
The trial judge relied heavily on the case of Crothers v. Jones, 239 La. 800, 120 So.2d 248 (1960). In that case Jones had defeated Crothers in an election in 1959 for state senator. Crothers filed suit to disqualify Jones from taking office on the grounds that in 1925 Jones had been convicted in a Federal Court in Arkansas of using the mails to defraud, a felony under Federal Law, and had served a sentence in a Federal penitentiary. The issue was the construction of Louisiana Constitution of 1921 Article VIII, Section 6, which read as follows in 1937, the year Jones qualified to vote in Louisiana:
"The following persons shall not be permitted to register, vote, or hold office or appointment of honor, trust, or profit in this State, to-wit: Those who have been convicted of any crime which may be punishable by imprisonment in the penitentiary, and not afterwards pardoned with express restoration of franchise; * * *"
In Crothers, our Supreme Court held that Jones' conviction under a Federal Law and sentence to a Federal penitentiary did not disqualify him from holding public office under the above quoted provisions of the Louisiana Constitution of 1921. The court stated:
"The lawmakers' reason for restricting the disqualification to conviction of crime punishable by imprisonment in the Louisiana State Penitentiary is to restrict it to disqualification on account of the commission of acts which involve moral turpitude of sufficient gravity, under the policy of our law, to make it wrong for those convicted thereof to hold office or vote. The fact that our Legislature prescribes such punishment for crimes punishable by confinement in the penitentiary shows that, under the public policy of our State, such crimes involved great moral turpitude.
"If we were to extend the disqualification to crimes punishable by confinement in a Federal penitentiary or in the penitentiary of other States, we would adopt the policy of the Congress of the United States and that of other States with regard to great moral turpitude. Our policy on the subject does not always agree with that of other jurisdictions. * * * If we were to adopt the view that conviction of crime carrying confinement in any penitentiary was a disqualification to vote or hold office in Louisiana, we might find ourselves in the anomalous situation of refusing to permit a person who had been convicted in that state * * * from voting or holding office in this State when the act for which he was convicted, under the policy of our State, should have been performed." (Original emphasis.) See, also, Opinions of the Attorney General, Nov. 23, 1938, Opinions 1938-40, p. 766; and In re Donegan, 282 N.Y. 285, 26 N.E.2d 260. Cf. Louisiana State Bar Ass'n v. Connolly, 201 La. 342, 9 So.2d 582.
We find persuasive the above quoted rationale of our Supreme Court in Crothers v. Jones, supra, refusing to extend the constitutional provisions at issue by implication or for reasons of equity or legislative intent to cover crimes not expressly or clearly stated. This same rationale is applicable here.
The district judge also discussed Cardon v. Dauterive, 264 So.2d 806 (La.App. 4th Cir. 1972), writ refused 262 La. 968, 265 So.2d 240. In that case plaintiff sought to disqualify the defendant from being a candidate *748 for election to a school board on the grounds that defendant had been convicted in 1967 of a felony under Federal law. In 1968, Louisiana Constitution of 1921, Article VIII, Section 6, was amended to provide that no persons could hold office in Louisiana "who had been convicted within this state of a felony or who had been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be a felony." The district court held that defendant was disqualified by the Federal conviction. On appeal, the defendant argued the trial court erred in applying ex-post facto the 1968 amendment to the Louisiana Constitution of 1921 to defendant's 1967 conviction of a Federal felony. Defendant also relied on Crothers for its holding that under the constitutional provision as it read in 1937, his conviction of a felony in Federal court did not render him ineligible to hold office in Louisiana. The Court of Appeal distinguished Crothers v. Jones, supra, on the grounds that Jones' crime was committed in Arkansas, not in Louisiana, and therefore could have not been punished by imprisonment in "the penitentiary", i. e., the Louisiana State Penitentiary, where as the crime of which Dauterive was convicted, although by a Federal court, was committed in Louisiana and was one punishable by imprisonment in the Louisiana State Penitentiary. The court pretermitted the ex-post facto issue and held that Dauterive was ineligible to hold office even under the 1967 provisions of the Louisiana Constitution of 1921. The Court of Appeal stated:
"We read Crothers not as requiring that the conviction be by a Louisiana court, but only that the crime be punishable by state penitentiary imprisonment as a felony in Louisiana."
We find Cardon v. Dauterive, supra, inapplicable to the case at bar. In Cardon, the court stated defendant was convicted by a Federal court of a crime for which he could have been convicted in a Louisiana court and sentenced to imprisonment in the Louisiana Penitentiary. In the present case, the crime for which defendant was convicted, i. e., Federal Income Tax evasion, could not be punishable by imprisonment in the Louisiana Penitentiary, because under Louisiana law income tax evasion is a misdemeanor, not a felony, and because evasion of Federal taxes is not a state crime. Furthermore, even though the court in Cardon did not decide the question of whether the 1968 amendment to the Constitution could be applied ex-post facto to Dauterive's 1967 conviction, the amendment, which expressly included conviction of a Federal felony as grounds for removal from office, may have influenced the court.
Of interest is Justice Barham's concurrence in the Supreme Court's denial of writs in Cardon, 265 So.2d 240:
The result reached by the Court of Appeal is correct, but Crothers v. Jones, 239 La. 800, 120 So.2d 248 is not distinguishable in law from the present case. However, in my opinion the holding in that case is in error. "[C]onvicted of any crime which may be punishable by imprisonment in the penitentiary" in former Art. 8, Section 6, La. Constitution should have been construed to mean any conviction in any court in any state which is also a felony in Louisiana, i. e. punishable by imprisonment at hard labor, "the penitentiary."
Two recent decisions by our Supreme Court should be mentioned. In State v. Singleton, 352 So.2d 191 (La.1977), defendant's prior conviction in Federal Court of violating the Federal Firearms Statute was used by the trial judge to enhance defendant's sentence under LSA-R.S. 15:529.1, which provides for an enhanced sentence where any person commits a felony in this state "after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony." Our Supreme Court found the trial judge erred in using the prior Federal conviction to enhance the defendant's sentence, since, at the time the defendant had committed the violation of the Federal Firearms Statute, *749 the counter-part crime under Louisiana law was not a felony. This case supports our decision. The statute was penal and the court strictly construed it.
In State v. Baxter, 357 So.2d 291 (La. 1978), one of the members of the jury, which had convicted the defendant, had previously been convicted of a felony in the State of Georgia. LSA-Code of Criminal Procedure, Article 401(5) disqualifies for jury service any person who has "been convicted of a felony for which he has not been pardoned." Our Supreme Court held that the term "felony" in Article 401(5) applies equally to felony convictions in other states or in the Federal Courts. However, since the juror in question had on voir dire honestly stated he had never been convicted of a felony, and since the defendant was not shown to have been prejudiced, the court affirmed the conviction.
We do not find State v. Baxter controlling in the present case. Although it is true that there the term "felony" in LSA-C.C.P. Article 401(5) was extended by implication to cover felony convictions in other states or in Federal Courts, the statute being construed was not a penalty statute, as in the present case, and was therefore subject to construction under the general rule which primarily seeks the legislative intent.
Having decided the term "felony" as used in the pertinent constitutional and statute provisions does not include the Federal crime of which defendant was convicted, we do not reach the question of whether the commission of the felony and the conviction must occur during the same term of office.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, insofar as permitted by law.
AFFIRMED.
WATSON, J., concurs, with written reasons.
WATSON, Judge, concurring.
I concur in the result, although I have serious reservations. It is only by an extremely strict interpretation of the word "felony" that LSA-R.S. 42:1411-1412 are held inapplicable. A persuasive argument can be made to the effect that attempted evasion of Federal income taxes is a felony in Louisiana and in every other state, regardless of what crime is involved in evasion of state income taxes. On the other hand, I believe that when a man (or woman) is elected by his constituents, the courts should be very reluctant to interfere in the democratic process.