DUFRESNE, Judge.
This is an appeal by Jack and Rita Francis, plaintiffs-appellants, from a judgment excluding an orthopedic surgeon from sitting on a medical review panel convened to hear a malpractice claim against a podiatrist. We agree with the trial judge that an orthopedic surgeon is not from the same class and specialty of practice as a podiatrist, as required by La.R.S. 40:1299.-47(C)(3)(f)(v), thus we affirm.
Rita Francis has alleged that Dr. Samir Mowad was negligent in treating her for a foot condition and that she suffered damages thereby. A medical review proceeding was instituted, and Mrs. Francis nominated Dr. Wilmot Ploger, an orthopedic surgeon, as a member of the medical review panel. Dr. Mowad objected to Dr. Ploger on the grounds that orthopedic surgery is not within the same class and specialty of practice as podiatry. The matter was brought in the district court, and the trial judge agreed with Dr. Mowad and excluded Dr. Ploger from the panel. Mrs. Francis now appeals.
The evidence in this matter consists of the depositions of the two doctors. It is undisputed that podiatry is a distinct branch of the health care professions. Podiatrists receive training in specialized schools, are licensed on the basis of distinct examinations, are not permitted to practice general medicine, and are not considered to be physicians or medical doctors as those terms are commonly understood. Further, La.R.S. 37:611, et seq. specifically provide for separate licensing of such persons, and defines this profession.
Dr. Ploger testified that as an orthopedic surgeon, he is qualified to treat all parts of the body, including the foot, and that in the course of his practice he has performed all treatments that a podiatrist would be licensed to perform. He admitted however, that he is not a licensed podiatrist, has never attended a school of podiatry, has never taken or seen the examination for a podiatrist license, and has never practiced as a podiatrist. He further stated that podiatry is a field of specialized health care that is distinct from orthopedics.
The other statutes applicable here are as follows.
1.) La.R.S. 40:1299.41(A)(1), defines “health care provider” as anyone “licensed by this state to provide health care or pro *9 fessional services [such] as a ... podiatrist....”
2.) La.R.S. 40:1299.47(0), states that a “medical review panel shall consist of three health care providers who hold unlimited licenses to practice their profession in Louisiana and one attorney.”
3.) La.R.S. 40:1299.47(C)(3)(f)(v), provides that “if there is only one party defendant other than a hospital, all panelists except the attorney shall be from the same class and specialty of practice of health care provider as the defendant. If there is only one party defendant which is a hospital, all panelists except the attorney shall be physicians.”
It is clear that “podiatrists” are “health care providers” licensed to render professional services of a specialized type, and that they hold unlimited licenses to practice this profession as it is defined by law. La.R.S. 37:611; La.R.S. 40:1299.41(A)(1); La.R.S. 40:1299.47(0). It is equally clear that La.R.S. 40:1299.47(C)(3)(f)(v) mandates that when there is only one party defendant, “all panelists except the attorney shall be from the same class and specialty of practice” as that defendant. Dr. Ploger testified directly that podiatry is a specialized field of health care, and further that he is not a licensed podiatrist. On this showing we must conclude, as did the trial judge, that Dr. Ploger is not of the same class and specialty of practice as Dr. Mow-ad, and he is therefore not eligible to sit on the medical review panel in this case.
Accordingly, for the above reasons the judgment of the trial court is affirmed. All costs of this appeal are to be paid by the appellant.
AFFIRMED.