JiSCHOTT, Chief Judge.
Plaintiffs, Tulane University Medical Center, Dr. John Willis a psychiatrist and neurologist, and Dr. Emanuel Shapira, a geneticist, seek a declaratory judgment requiring the Chairman of a Medical Review Panel before whom a medical malpractice action is pending against them to require the claimant in the malpractice action to appoint to the panel a physician whose specialty is the same as one of the plaintiff physicians. The trial court dismissed their petition and they have appealed. The issue is whether LSA-R.S. 40:1299.47, subd. C(3)(f)(v) requires the appointment of a physician whose specialty is the same as one of the two physicians accused of medical malpractice when a hospital is also a defendant in the malpractice action.
Plaintiffs filed a medical malpractice claim against the two medical specialists and the hospital in accordance with R.S. 40:1299.47. After the attorney chairman was appointed to the medical review panel plaintiffs notified him of their selection of an otolaryngologist to serve on the panel. Over the objection of the plaintiffs in this case who were the defendants before the panel, the panel chairman accepted the appointment of plaintiffs’ otolar-yngologist. Hence, the present suit to disqualify plaintiffs’ appointee.
| ¿Here is the text of R.S. 40:1299.47(c)(3)(f)(v) whose interpretation is at issue.
(v) If there is only one party defendant which is not a hospital, community blood center, tissue bank, or ambulance service, all panelists except the attorney shall be from the same class and specialty of practice of health care provider as the defendant. If there is only one party defendant which is a hospital, community blood center, tissue bank, or ambulance service, all panelists except the attorney shall be physicians. If there are claims against multiple defendants, one or more of whom are health care providers other than a hospital, community blood center, tissue bank, or ambulance service, the panelists selected in accordance with this Subsection may also be selected from health care providers who are from the same class and specialty of practice of health care providers as are any of the defendants other than a hospital, community blood center, tissue bank, or ambulance service.
(emphasis supplied)
Plaintiffs here contend that the words “may also be selected” makes no sense unless interpreted to mean “shall”. They argue *805 that the requirement to appoint one of the same specialty in the case where there is only one specialist defendant leads to the logical and inevitable conclusion that where there are two specialist defendants the physician appointed to the panel must be from one of the two specialties. This argument ignores the presence of the hospital as a defendant in the malpractice case. The specialties of the physician defendants does not necessarily have anything to do with the alleged malpractice of the hospital.
Consequently, we interpret the statute to mean that where there are multi-pie defendants who include a hospital, plaintiffs may name a physician from one of the specialties of the defendant physicians, but they are not required to do so.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.