781 So.2d 895 (2001)
James D. CALDWELL, District Attorney, Plaintiff-Appellee,
v.
Michael Charles OWENS, Member of East Carroll Parish School Board, Defendant-Appellant.
No. 34,894-CA.
Court of Appeal of Louisiana, Second Circuit.
March 8, 2001.
*896 Hamilton & Hamilton by Orlando N. Hamilton, Jr., Oak Grove, LA, Counsel for Appellant.
James D. Caldwell, Sanettria R. Glasper, Tallulah, LA, Counsel for Appellee.
Before BROWN, STEWART and KOSTELKA, JJ.
STEWART, J.
The appellant, Michael Charles Owens, was removed from office as a member of the East Carroll Parish School Board following his conviction of a felony under Arkansas law. He appeals his removal citing error by the trial court in statutory construction. However, finding no merit in appellant's claims, we affirm the ruling of the trial court.

FACTS
Owens was sworn in as a member of the East Carroll Parish School Board in December 1998. Owens operated a business in Lake Village, Arkansas, called Uptown Fashions. On August 18, 1999, a young girl came into his store. She stated that he rubbed her vaginal and breast area. He was arrested for sexual abuse in the first degree. Under Arkansas law, this required that the defendant be over 18 (Owens was 37 years old) and engaged in sexual contact with a person less than 14 years old (she was born August 26, 1986). Arkansas defines sexual abuse in the first degree as a Class C felony and provides for a sentence of three to ten years with the Arkansas Department of Corrections. In Louisiana this would be indecent behavior with a juvenile which is also a felony.
Owens pled guilty as charged on April 19, 2000, with an agreement to the sentence. He got ten years probation, a fine, *897 and community service, and he also had to register as a sex offender.
The district attorney in Louisiana filed a rule under La. R.S. 42:1411 and 1412 to remove Owens from office because of his felony conviction. The statute, La. R.S. 42:1412(A), states that the district attorney "shall institute suit within ten days after the conviction is final." The district attorney filed the rule September 15, 2000; however, Owens had filed a motion in Arkansas to withdraw his plea of guilty in July, and it was denied in November, 2000.

ANALYSIS
This is a case of first impression. La. R.S. 42:1411 states in part:
A) A public officer shall be removed from office for conviction, during his term of office, of a felony.
However, section G of that statute states that the term "felony" includes "both a felony under the laws of this state and a felony under the laws of the United States."
The trial court judge removed Owens from office believing that section G meant that what occurred in Arkansas had also to be a felony under Louisiana law, i.e., an Arkansas felony that is a misdemeanor in Louisiana would not be included. The trial court states that any other result would be absurd. We agree.
Owens argues that the statute must be strictly construed; thus, a prosecution and conviction under the laws of another state is not included, whether or not the same facts would be a felony in Louisiana.
Each party cites Tucker v. Huval, 374 So.2d 745 (La.App. 3rd Cir.1979). Tucker v. Huval, supra caused section G to be enacted. Before Huval, the Louisiana Constitution provided for impeachment for the commission of a felony during the term of office, and provided that the legislature shall enact the general law for removal. The legislature enacted La. R.S. 42:1411-1412 which simply allowed removal for a felony. In Huval, a mayor was convicted in federal court of income tax evasion (a felony under federal law but a misdemeanor under Louisiana law). The appellate court in Huval framed the decisive issue as whether a felony under federal law "is a felony within the meaning of the Louisiana Constitution and Statutes providing for removal of public officers." The court found that it was not. Thus, La. R.S. 42:1411 was amended to add section G. However, we find that Huval is inapplicable to the instant case.
We find the language contained in the Louisiana Constitution, Article 1, section 10 which governs the grounds upon which a candidate for public office may be disqualified to be dispositive of this matter. It states in pertinent part:
(B) Disqualification. The following persons shall not be permitted to qualify as a candidate for elective public office or take public elective office or appointment of honor, trust, or profit in this state:
(1) A person who has been convicted within this state of a felony and who has exhausted all legal remedies, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be a felony and who has exhausted all legal remedies and has not afterwards been pardoned either by the governor of this state or by the officer of the state, nation, government or country having such authority to pardon in the place where the person was convicted and sentenced (Emphasis added).
When a law is clear and unambiguous and its application does not lead to *898 absurd consequences, the law must be applied as written. La. C.C. art. 9; La. R.S. 1:3, 1:4. However, when the language of a statute is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10; Thomas v. Insurance Corp. of America, 93-1856 (La.2/28/94), 633 So.2d 136. Consequently, laws on the same subject matter must be interpreted with reference to each other. La. C.C. art. 13. Thus, an ambiguous statute must be construed in a manner to impart the meaning intended by the legislature and to avoid absurd results. Lopez v. City of Shreveport, 449 So.2d 1184 (La. App. 2d Cir.1984), writ denied, 452 So.2d 175 (La.1984). To aid in interpreting an ambiguous statute, the court may look to legislative history to discern the intent of the legislature. State, Dept. of Social Serv. v. Parker, 595 So.2d 815 (La.App. 2d Cir.1992).
Statutes which authorize the imposition of penalties or sanctions are penal in nature and must be strictly construed. State v. Carr, 99-2209 (La.5/26/00), 761 So.2d 1271; Consolidated Distributors, Inc. v. United Group of Nat'l Paper Distributors, Inc., 32,431 (La.App. 2nd Cir.10/27/99), 743 So.2d 862. It is undisputed that La. R.S. 42:1411 and 1412 are penal in nature. However, to determine the legislative intent, we believe that these statutes must be read in pari materia with La. Const., Art. 1, Section 10 which clearly prohibits an individual convicted of a felony in Louisiana, any other state, or under the laws of the United States from qualifying for public office. To allow an individual to remain in office after conviction of a felony in another state would frustrate the clear intent of the legislature and lead to an absurdly inconsistent result. Namely, the felony conviction in another state that would ordinarily render an individual ineligible to qualify to hold office in Louisiana would not be grounds to remove the person from said office once elected. Thus, Owens was properly removed from office. Costs assessed to appellant.
AFFIRMED.