hBROWN, C.J.
This appeal by Proctor & Gamble, Inc., is from the denial of its petition to have Dr. Mary McWilliams removed from a medical review panel. Lizzie White filed a claim with the Patient’s Compensation Fund under the Louisiana Medical Malpractice Act after participating in a study to test a drug manufactured by Proctor & Gamble, Inc. Ms. White filed her claim against Proctor & Gamble, Inc., Dr. Mark Provenza, Gastrointestinal Specialists, A.M.C. (“GS”), and Louisiana Research Centers, L.L.C. (“LRC”). Proctor & Gamble is defending the malpractice claim under an indemnity agreement with Dr. Provenza and the corporation under which he practices, Gastrointestinal Specialists, A.M.C.
The instant dispute arose when, pursuant to La.R.S. 40:1299.47(C), Ms. White notified the attorney-chairman of the medical review panel, Brian Barber, of her choice of Dr. Mary McWilliams as a physician member of the panel. Dr. McWil-liams is a medical doctor specializing in neurology and toxicology. The attorney-chairman found Dr. McWilliams qualified and appointed her to the panel. Proctor & Gamble filed a petition for declaratory judgment in the district court alleging that Dr. McWilliams’ appointment to the panel violated La.R.S. 40:1299.47(C)(3)(f)(v) because she was not from the same class and specialty of practice as Dr. Provenza, a gastroenterologist. After a hearing on the matter, the district court ruled that Dr. McWilliams’ appointment to the panel was not in violation of La. R.S. 40:1299.47(C)(3)(f)(v). This appeal followed. We affirm.

\ ¡Applicable Law

The relevant provisions of the statute, La. R.S. 40:1299.47(C)(3)(a)(f)(ii)(iii) and (v), provide the following:
C. The medical review panel shall consist of three health care providers who hold unlimited licenses to practice their profession in Louisiana and one attorney.
3)(a) The plaintiff shall notify the attorney chairman and the named defendants of (her) choice of a health care provider member of the medical review panel within thirty days of the date of certification of (her) filing by the board.
(f) The qualification and selection of physician members of the medical review panel shall be as follows:
(ii) Each party to the action shall have the right to select one physician and upon selection the physician shall be required to serve.
(iii) When there are multiple plaintiffs or defendants, there shall be only one physician selected per side. The plaintiff, whether single or multiple, shall have the right to select one physician, and the defendant, whether single or multiple, shall have the right to select one physician.
(v) If there is only one party defendant which is not a hospital, community blood center, tissue bank, or ambulance service, all panelists except the attorney (chairman) shall be from the same class and specialty of practice of the health care provider as the defendant. If there is only one party defendant which is a
*516 hospital, community blood center, tissue bank, or ambulance service, all panelists except the attorney shall be physicians. If there are claims against multiple defendants, one or more of whom are health care providers other than a hospital, community blood center, tissue bank, or ambulance service, the panelists selected in accordance with this Subsection may also be selected from health care providers who are from the same |3class and specialty of practice of health care providers as are any of the defendants other than a hospital, community blood center, tissue bank, or ambulance service. (Emphasis added).

Discussion

The trial court orally ruled that:
... the first two sentences (of La.R.S. 40:1299.47(C)(5)) deal with the situation where there is one defendant. And then the third sentence deals with a case where there are multiple defendants. And where it deals with a case where there are multiple defendants, it’s not mandatory. The “shall” is out, the “may” is in, and I don’t think there’s sufficient evidence for the Court to — in light of the objection of the panel chairman as well — I don’t think there’s sufficient evidence for the Court to overturn the selection. It appears to me to be “may” and not “shall,” and (Dr. McWil-liams’ specialty) appears to be close enough aligned to the facts of this case to be appropriate. (Emphasis added).
The record before us contains little information concerning the allegations of the claim, and the parties’ briefs are in disagreement. Proctor & Gamble’s brief states that “Ms. White voluntarily participated in a study whose purpose was to test a specific drug (unnamed) designed to alleviate certain gastrointestinal problems.” Ms. White’s brief, however, states that “[Pjrior to participating in the study, Lizzie White was documented to be in good health and free from any medical illnesses. She began taking daily doses of the research drug, Fosamax ...”
In argument before the district court, Proctor & Gamble’s attorney stated that the drug being tested was to compete with, “I think it’s Fosamax.” We note that Fos-amax is for the treatment or prevention of osteoporosis (thinning of bone) in women after menopause. Severe digestive reactions are listed as possible side effects from the drug. | ¿Obviously, accurate information concerning the drug and purpose of the test would be helpful in identifying the specialty being practiced.
None of the four defendants named in this case is a hospital, blood center, etc. Defendants argue that the statute’s “multiple defendants” provision does not count a non-health care provider, i.e., Proctor & Gamble, as a defendant for purposes of selecting a physician. They further contend that the two corporate entities are owned and operated by Dr. Provenza and contend that all three should be treated as one defendant.
The only information in the record on these four defendants is the curriculum vitae for Dr. Provenza. Proctor & Gamble would require this court to assmne that Proctor & Gamble is not a “qualified health care provider” as defined by the act and that Dr. Provenza, GS and LRC are all one and the same, reducing the number of defendants to be counted to one. It argues that GS and LRC are merely the corporate entities under which Dr. Provenza practices medicine, and no separate actions by either of them are at issue in this claim. Because the record is devoid of any evidence to that effect, we cannot reach such a conclusion.
Further, we reject the Proctor & Gamble premise. An insurer of a health care provider does stand in the place of its *517 insured and rightfully is not considered a separate defendant. See Francis v. Mow-ad, 523 So.2d 8 (La.App. 5th Cir.1988). An indemnity agreement, however, is not the same as medical malpractice insurance. The acts or omission of Proctor & Gamble may provide an independent basis for liability separate and distinct from those of Dr. Provenza. The language of the statute reads, “if there are | ^claims against multiple defendants, one or more whom are health care providers.” In the instant case, there are at least two defendants, at least one of which is a health care provider, i.e., Dr. Provenza and Proctor & Gamble. The statute allows the claimant to select one member of the panel who may, but not necessarily, be from the same specialty as Dr. Provenza. Further, Dr. McWilliams, a neurologist and toxicologist, is a medical doctor and of the same class as a gastroenterologist, and her specialties, in this instance, may be related to the medical issues involved. See also Medical Review Panel for Claim of White v. Board of Administrators of Tulane Educational Fund, 94-2535 (La.App. 4th Cir.05/16/95), 655 So.2d 803, writ denied, 95-1505 (La.09/22/95), 660 So.2d 484.
Accordingly, we affirm the judgment of the district court.

Conclusion

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against Proctor & Gamble.
AFFIRMED.