Dear Mr. Doherty:
You have asked this office to review Attorney General Opinion 04-293 and provide further clarification concerning issues raised in your most recent correspondence. To requote the facts which were the subject of our review in Opinion 04- 0293, the St. Landry Parish Solid Waste Disposal District employed an administrative assistant, a position which is at- will and unclassified. The employee entered a guilty plea to the charge of filing false public records in violation of R.S. 14:133 on June 1, 2004. The district then terminated the employee on the basis of R.S.42:1414, which provides:
CHAPTER 21. REMOVAL OF PUBLIC OFFICERS BY SUIT
 § 1414. State, district, parish, ward, and municipal employees; termination for conviction of a felony
 The employee-employer relationship existing between a state, district, parish, ward, or municipal employee, whether classified or unclassified, and the state, district, parish, ward, or municipality, as applicable, shall be terminated and such employee shall be removed from his position of employment with the state, district, parish, ward, or municipality, as applicable, upon conviction, during his employment, of a felony as defined by the laws of this state or by the laws of the United States. Within ten days after a conviction is final and all appellate review of the original trial court proceedings is exhausted, the appointing authority of the employing agency shall terminate any state, district, parish, ward, or municipal employee who is convicted of a felony and is holding a position of employment with such agency. For the purposes of Article X, Section 8(A) and Article X, Section 46(A) of the Louisiana Constitution and any provision of law relating to disciplinary action taken against a state employee including any provision of law relating to post-employment benefits, final conviction of a felony shall be a cause for termination of a state, district, parish, ward, or municipal employee.
The language of the statute making mandatory termination applicable to district employees took effect on August 15, 2003, after this employee was hired, but prior to his conviction. The employee argues that the current provisions of R.S. 42:1414 are inapplicable to him because he was employed prior to the effective date of the Act 240 of 2003.
In Attorney General Opinion 82-907, reviewing the former language of R.S. 42:1414 (which then made the statute applicable only to state employees), this office determined:
 The provisions of Act 353 [enacting R.S. 42:1414] are to be given prospective application only. The act is not applicable to those who were convicted and/or employed prior to the passage of the act See Syllabus, Opinion 82-907.
Based on Opinion 82-907, we conclude that R.S. 42:1414 is inapplicable to those employees hired prior to August 15, 2003, the effective date of the Act. However, reaffirming our conclusion in Opinion 04-293, we determine that while in such instance the District is relieved of its mandatory duty to terminate, the District may still terminate this individual as an at-will employee for any reason.
Please note that the opinions of the Attorney General are advisory only.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
 Office of the Attorney General State of LOUISIANA Opinion No. 82-907 October 28, 1982
61 — LAWS GENERAL
109 — STATE — EMPLOYEES DEPARTMENTS
The provisions of Act No. 353 are to be given prospective application only. This act is not applicable to a) employees who were convicted and/or employed prior to the passage of the act or to b) inmates participating in the Work Release Program. Convicted Felons may be rehired by CHNO. Act No. 353 of 1982; C.C. Art. 8; R.S. 1:2; R.S. 42:1411; 42:1414; 15:1111 et seq.
Mr. William J. Oberhelman, Jr. Attorney for Charity Hospital of New Orleans 424 Gravier Street Suite 300 New Orleans, LOUISIANA 70130
Dear Mr. Oberhelman:
You have requested an opinion on behalf of Charity Hospital at New Orleans (hereinafter referred to as CHNO). In your opinion request, you raise several questions concerning our interpretation of Act No. 353 of the 1982 Session of the LOUISIANA Legislature. More specifically, you ask the following questions:
1. Must CHNO terminate employees who were convicted of a felony and were employed prior to the passage of this Act?
2. Can a convicted felon ever be re-hired by CHNO?
3. If a convicted felon can be re-hired, how long must CHNO wait to re — hire after terminating the convicted felon?
4. Can CHNO hire a new employee who was convicted of a felony at some prior time?
5. How does the Work Release Program provided for in R.S.15:1111 et. seq. impact on the mandate set forth in Act No. 353?
Our review of Act No. 353 which has been codified as R.S.42:1414 leads us to answer your questions in the following manner:
1. CHNO is not required to terminate employees who were convicted of a felony and were employed prior to the passage of this Act.
Act No. 353, which was modeled after R.S. 42:1411 provides in relevant part as follows:
 The employee-employer relationship existing between a state employee, classified or unclassified, and the state shall be terminated and such employee shall be removed from his position of employment with the state upon conviction, during his employment, of a felony as defined by the laws of this state or by the laws of the United States. Within forty-eight hours after a conviction is final and all appellate review of the original trial court proceedings is exhausted, the appointing authority of the employing agency shall terminate any state employee who is convicted of a felony and is holding a position of employment with such agency. For the purposes of Article X, Section 8(A) of the LOUISIANA Constitution, and any provision of law relating to disciplinary action taken against a state employee including any provision of law relating to post-employment benefits, final conviction of a felony shall be a cause for termination of a state employee.
The Act contains no provision stating that it should be accorded retroactive effect. Pursuant to the provisions of C.C. art 8 and R.S. 1:2
laws enacted by the legislature have prospective application and cannot be accorded retroactive effect unless the act expressly states that it is to be given such effect.
Further, the jurisprudence holds that laws cannot be applied retrospectively in cases where substantive rights have vested or in cases where such application would result in the impairment of the obligation of contracts. See Green v. Liberty Mutual Ins. Co., 352 So.2d 366 (4th Cir. 1977) and Johnson v. Fournet,387 So.2d 1336 (1st Cir. 1980).
Requiring CHNO to terminate convicted felons who were employed prior to the passage of the Act would require retroactive application of the Act. Nothing in the Act evidences an intention that it should be applied retroactively. Therefore, in our opinion CHNO is not required to terminate such employees.
2. A convicted felon can be rehired by CHNO.
Act No. 393 provides a penalty, i.e. removal from one's position with a state agency if one is convicted of a felony during one's employment. Therefore, the act is subject to the special rule of statutory construction that all penal and penalty statutes must be strictly construed. Tucker v. Huval,374 So.2d 745
(3rd Cir. 1979). Under this rule the provisions of this Act will not be extended to cover any cases which are not within the obvious meaning of the language of the statute. The statute in question does not purport to bar convicted felons from ever holding state jobs. Therefore, the statute cannot be construed to forever bar convicted felons from holding state jobs. Ergo, it follows that it is possible for a convicted felon to be re-hired by CHNO.
3. The procedures utilized by CHNO to hire new employees dictate how long CHNO must wait before rehiring a convicted felon.
Act 393 of the 1982 Session does not address the question of how long a state agency must wait before rehiring a convicted felon. In our opinion this is a matter to be determined by the state agency. In our opinion the agency cannot fire the felon one day and rehire him the next day without doing violence to the intent of the Act. However neither can the agency place an arbitrary time restriction barring the rehiring of the convicted felon. Rather, it would appear that the convicted felon would be relegated to applying for a position with the agency in the same manner as any new employee. Depending upon the requirements specified for the position, the agency could consider his application anew, taking into account the relevance of his conviction to this ability to perform in the position which he seeks to acquire.
4. CHNO can hire a new employee who was convicted of a felony at some prior time.
The language in Act 393 clearly states that the Act applies to an employee who is convicted `during his employment'. Nothing indicates that it is applicable to employees convicted at some prior time. Therefore, in our opinion CHNO can hire a new employee who was convicted at some prior time.
5. Act No. 393 has no impact on the Work Release Program provided for in R.S. 15:1111 et. seq.
R.S. 15:1111 allows the LOUISIANA Department of Institutions to establish and administer a work release program for inmates of any institution under the jurisdiction of the Department. Participants in the program have already been convicted prior to being employed. Therefore, for the reasons given earlier in this opinion, the Act is not applicable to them.
We trust that this adequately answers your questions. If we can be of further assistance, please contact us.
Very truly yours,
William J. Guste, Jr. Attorney General
By: Lois C. Davis Assistant Attorney General
La. Atty. Gen. Op. No. 82-907, 1982 WL 186421 (La.A.G.)