LOLLEY, J.
| ¶ Andrew Flenner and Kenneth Flenner sought supervisory review of a judgment of the First Judicial District Court, Caddo Parish, Louisiana, wherein the trial court granted defendant CHRISTUS Health Northern Louisiana d/b/a CHRISTUS Schumpert Health System’s (“Schumpert”) motion to compel the Flenners’ compliance with the Louisiana Medical Malpractice Act. We granted the writ and placed the matter on the appeal docket for consideration. For the following reasons, the judgment of the trial court is affirmed.
Facts
Andrew and Kenneth Flenner are the surviving sons of Sandra Turner Vankreg-ten, who died on September 29, 2011, following a surgical procedure at Schumpert. Pursuant to the Louisiana Medical Mai- *642 practice Act, La. R.S. 40:1299.41, et seq. (the “MMA”), the Flenners filed a complaint and instituted a medical review panel against Schumpert and its nursing staff, specifically naming two nurses as defendants: Robert Ingram, an R.N., and Donald Gaines, an L.P.N. The two nurses treated the Flenners’ mother on the floor of the hospital following surgery. No physician was named as a defendant.
The Flenners nominated Debra Patricia Sheldon, EdJD., APRN-CS, NE-BC, OCN, CNE, as their medical review panel member. Schumpert objected to the nomination as a violation of the MMA because Sheldon is a registered nurse and not a physician. The Flenners refused to nominate a physician, arguing that the alleged negligence was by two nurses and the relevant statute under the MMA allows for a “health care provider” of the same class and specialty to be selected by the complainant. The attorney chairperson of the panel advised that he did not have the authority to settle |2the dispute. Thus, Schumpert filed the instant motion in the trial court to compel the Flenners to comply with the MMA. The trial court, while noting Sheldon’s high credentials, also noted that the plaintiffs were unable to offer further authority to the trial court to support their appointment of a nonphysician panel member. The trial court granted the motion, finding that the MMA “contemplates that only medical doctors serve on a medical review panel.” The Flenners sought supervisory review of the judgment, and this court granted the writ, placing it on the appeal docket for consideration.
DlSCÜSSION
The sole issue is whether the MMA, specifically La. R.S. 40:1299.47, allows for a registered nurse to be a medical review panelist in this medical malpractice claim against a hospital and two nurses. All parties agree that there are no reported Louisiana cases that squarely address this issue. The Flenners take the position that the MMA allows the appointment of a “health care provider” to the panel, and that the definition of such is not limited to physicians. On the other hand, Schumpert argues that, in effect, there is only one party defendant in this case — Schum-pert — and in such cases, the MMA mandates that all panelists be physicians. We agree.
As noted, this precise issue has not been addressed squarely by the Louisiana courts. Thus, our determination is primarily made on our interpretation of the statutory law. In Louisiana, the starting point in the interpretation of any statute is the language of the statute itself. Moreno v. Entergy Corp., 2012-0097 (La.12/04/12), 105 So.3d 40. Words and phrases shall be read with them context and shall be construed according to the common and approved usage of the language. La. R.S. 1:3. When a law is clear and unambiguous and its application does not lead to absurd Inconsequences, the law must be applied as written. La. C.C. art. 9; La. R.S. 1:3, 1:4; Caldwell v. Owens, 34,894 (La.App.2d Cir.03/08/01), 781 So.2d 895.
The parties in this case disagree on the interpretation of a subsection of La. R.S. 40:1299.47, which is the part of the MMA specifically addressing medical review panels. Schumpert particularly relies upon subsection C(3)(j), which states as follows:
(j) If there is only one party defendant which is not a hospital, community blood center, tissue bank, or ambulance service, all panelists except the attorney shall be from the same class and specialty of practice of health care provider as the defendant. If there is only one party defendant which is a hospital, community blood center, tissue bank, or ambulance service, all panelists ex *643 cept the attorney shall be physicians. If there are claims against multiple defendants, one or more of whom are health care providers other than a hospital, community blood center, tissue bank, or ambulance service, the panelists selected in accordance with this Subsection may also be selected from health care providers who are from the same class and specialty of practice of health care providers as are any of the defendants other than a hospital, community blood center, tissue bank, or ambulance service. (Emphasis added).
Schumpert, looking to the second sentence of La. R.S. 40:1299.47C(3)(j), argues that only physicians should be on this panel, because there is only “one party defendant which is a hospital” in this lawsuit. Specifically, Schumpert maintains that although three parties were named in the letter to convene the medical review panel, there is actually only one defendant, because the named nurses are employees of Schumpert. Therefore, they are not separately liable for any acts of negligence, only Schumpert is, making Schumpert the “one party defendant.” Notably, La. R.S. 40:1299.47A(1) states, in pertinent part:
(b) A request for review of a malpractice claim or a malpractice complaint shall contain, at a minimum, all of the following:
|4(vi) A brief description of the alleged malpractice as to each named defendant health care provider. (Emphasis added).
If we consider the Flenners’ request to convene the medical review panel, we observe that it clearly alleges no independent allegations against Schumpert other than in its capacity as employer of the named nurses. All of the allegations in the Flen-ners’ claim are against the nursing staff of Schumpert. They allege that:
During Ms. Vankregten’s hospitalization, the nursing staff at Schumpert Medical Center, specifically the nursing staff on the observation unit fourth floor, failed to follow the standard of care including but not limited to:
1. Failure to properly monitor/assess a patient’s condition and properly interpret a patient’s signs and symptoms;
2. Failure to document a patient’s progress and/or lack of progress and response to treatment;
3. Failure to communica[te] with medical personnel in a timely manner when a patient’s condition warranted it;
4. Failure to follow a physician’s verbal/written order.
Ms. Vankregten’s death is the unfortunate result of the negligent care of the nursing staff at Schumpert Medical Center....
It is clear that the claimants, at this point in the litigation, have not stated any independent claims against Schumpert. Their only claims against Schumpert are in its capacity as employer of the two nurses. This case differs from White v. Proctor & Gamble, 36,502 (La.App.2d Cir.10/23/02), 830 So.2d 514, writ denied, 2003-0026 (La.03/14/03), 839 So.2d 49. In White, this court determined that there were at least two [ .^defendants, because the act or omission of Proctor & Gamble may have provided an independent basis for liability separate from the physician it indemnified. Here, without a claim against Schumpert individually, there is effectively only one defendant in this case. Because Schum-pert potentially ,is only vicariously liable to the Flenners, this is essentially a claim against “one party defendant which is a hospital,” and “all panelists except the attorney shall be physicians.”
*644 So considering, pursuant to the clear and unambiguous directives of La. R.S. 40:1299.47C(3)(j), because there is in essence' only “one party defendant,” it is mandated that the entire medical review panel be physicians. Thus, the Flenners’ appointment of a nurse to the panel is not in keeping with the statute and cannot be allowed. The trial court’s determination was not in error.
Conclusion
For the foregoing reasons, the judgment of the trial court granting the motion of the defendant, CHRISTUS Health Northern Louisiana d/b/a CHRISTUS Sehum-pert Health System, is affirmed. All costs of this appeal are assessed to Andrew Flenner and Kenneth Flenner.
AFFIRMED.